1    Berwin Cohen (SBN 224549)
     bcohen@reisspreuss.com
2    Attorney for: Elettronica GmbH
     Reiss+Preuss LLP
3    200 West 41st Street, 20th Floor
     New York, New York 10036
4    Tel: (646) 731-2779
     Fax: (646) 619-4705

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10   Elettronica GmbH,                    Case No. 8:16-cv-1523

11          Plaintiff,                    Complaint for Breach of
                                          Contract, Conversion, Fraud
12   vs.                                  and Tortious Interference with
                                          Contract; Request for Specific
13   Radio Frequency Simulation Systems,  Performance, Restitution
     Inc. ("RFSS"); Richard C. Damon; all Damages, Expectation
14   directors, officers and shareholders of  Damages, Consequential and
     RFSS; ViaSimX, Inc. ("VSX");         Incidental Damages,
15   VadaTech Incorporated ("VT");        Compensation Damages and
     Saeed Karamooz; all directors,       Punitive Damages
16   officers, and shareholders of VSX;
     and all directors, officers and      DEMAND FOR JURY
17   shareholders of VT,                  TRIAL

18          Defendants.

19                         Page 1 of 200

20         COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Upon information and belief, Plaintiff Elettronica GmbH ("Plaintiff")

2    pleads:

3                          JURISDICTION & VENUE

4        1.      Subject matter jurisdiction is invoked pursuant to 28 U.S.C. §

5    1332, diversity of citizenship, because the amount in controversy exceeds

6    seventy five thousand U.S. Dollars ($75,000.00), and this action is between

7    a corporate citizen of the Federal Republic of Germany, as plaintiff, and

8    individual and corporate citizens of California and Nevada, as defendants.

9        2.      Venue is proper in this district pursuant to 28 U.S.C. §

10   1391(b)(2), because the events giving rise to this action occurred in this

11   district, and because the property that is the subject of this action is situated

12   in this district.

13                             THE PARTIES

14       3.      Plaintiff is a company formed under the laws of the Federal

15   Republic of Germany (District Court Bonn, HRB 10136) with its principal

16   place of business located at Am Hambuch 10 D-53340, Meckenheim,

17   Germany.

18       4.      Defendant Radio Frequency Simulation Systems, Inc. is a

19                             Page 2 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    corporation formed under the laws of the State of California (entity number

2    C3607251) with its last known principal place of business located at 2345

3    North Glassell Street, Orange, California 92865 ("Defendant RFSS").

4         5.     Defendant Mr. Richard Craig Damon is an individual who as of

5    December 16, 2014 is a director, the President / CEO and the Chief

6    Financial Officer of Defendant RFSS, and is a presumed resident of the State

7    of California with a presumed residential address located in Mission Viejo,

8    California.

9         6.     Defendants "all directors and officers of Defendant RFSS" are

10   as of December 16, 2014: Defendant Mr. Damon as a director, the President

11   / CEO and the Chief Financial Officer; Defendant Mr. Ceazar Villanueva

12   Aguilar as a director and the Secretary with a presumed residential address

13   located in Riverside, California; and Defendant Ms. Dina Damon as a

14   director with a presumed residential address located in Mission Viejo,

15   California.  Past directors and officers of Defendant RFSS, as of October 12,

16   2012, include: Defendant Mr. James Struble as a director and the Secretary

17   with an unknown residential address; and Defendant Mr. Alan Ifune as a

18   director with an unknown residential address.  Defendants

19                              Page 3 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    "all directors and officers of Defendant RFSS" include Defendant Mr.

2    Damon, Defendant Mr. Aguilar, Defendant Ms. Damon, Defendant Mr.

3    Struble, and Defendant Mr. Ifune.

4    　　　　7.　　　Defendants "all shareholders of Defendant RFSS" are presumed

5    to include Defendant Mr. Damon but are otherwise unknown and have

6    unknown residential addresses.

7    　　　　8.　　　Defendant ViaSimX, Inc. is a corporation formed under the

8    laws of the State of Nevada, qualified to transact business in California

9    (entity number C3907927), has a registered address for service of process

10   located in Los Angeles, California, and has its presumed principal place of

11   business located at 198 North Gibson Road, Henderson, Nevada 89014

12   ("Defendant VSX").

13   　　　　9.　　　Defendant VadaTech Incorporated is a corporation formed

14   under the laws of the State of Nevada, qualified to transact business in

15   California (entity number C3607251), has a registered address for service of

16   process located in Los Angeles, California, and has its principal place of

17   business located at 198 North Gibson Road, Henderson, Nevada 89014

18   ("Defendant VT").  Defendant VT is the presumed parent entity of

19   　　　　　　　　　　　　　　　Page 4 of 200

20   　　　　　　　　COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Defendant VSX.

2        10.    Defendant Mr. Saeed Karamooz is an individual who as of

3    April 21, 2016 is the President, the Secretary, the Treasurer, and a director of

4    Defendant VSX, who as of July 27, 2016 is the President, the Secretary, the

5    Treasurer, and a director of Defendant VT, and is a presumed resident of the

6    State of California with a presumed residential address located in Los

7    Angeles, California.

8        11.    Defendants "all directors and officers of Defendant VSX"

9    include as of April 21, 2016 Defendant Mr. Karamooz.

10       12.    Defendants "all shareholders of Defendant VSX" are

11   unidentified individuals or entities with unknown residential addresses.

12       13.    Defendants "all directors and officers of Defendant VT" include

13   as of July 27, 2016 Defendant Mr. Karamooz.

14       14.    Defendants "all shareholders of Defendant VT" are unidentified

15   individuals or entities with unknown residential addresses.

16                    STATEMENT OF FACTS

17       15.    THE AGREEMENT.  On December 4, 2014, Plaintiff and

18   Defendant RFSS entered into an agreement,

19                       Page 5 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  Contract No. A62A2-501-VTR-RFSS-001, for Defendant RFSS to design,

2  manufacture, and deliver to Plaintiff: (1) the Common Repeater System

3  consisting of hardware, firmware, software components and technical

4  documentation for integration into the German Navy's Electronic Warfare

5  Environment Simulator (the "CRS"); and (2) related spare parts, user and

6  maintenance training sessions, and warranty and continuing technical

7  support (the "Add-Ons") (together with the companion Technical Assistance

8  Agreement, defined below in Paragraph 19, the "Agreement"). See Exhibit

9  A.  Pursuant to Section 23.10 of the Agreement, the Agreement is not

10  assignable without Plaintiff's consent.

11      16.    THE CRS & THE ADD-ONS.  The CRS and the Add-Ons is an

12  unclassified defense article and related defense services subject to an export

13  license under the International Traffic in Arms Regulations. 22 C.F.R. §

14  120.1 *et seq.*  The CRS and the Add-Ons is a single, indivisible product.

15  The CRS and the Add-Ons is a unique product for which no substitute is

16  available without purchasing a new CRS and the Add-Ons and incurring

17  extreme delay and expense.  Delivery of the CRS and the relevant Add-Ons

18  to Plaintiff under the Agreement was to occur in early July 2016

19                          Page 6 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   (the "Delivery Date").

2     17. FIRST PAYMENT.  On March 12, 2015, Defendant RFSS sent

3   Plaintiff an invoice, no. 101, in the amount of eight hundred and twenty

4   thousand U.S. Dollars ($820,000.00). See Exhibit B.  Plaintiff paid this first

5   invoice by wire transfer to the bank account of Defendant RFSS (no.

6   xxxx9834) located at GBC International Bank, 168 W. Garvey Ave.,

7   Monterey Park, CA 91754, on May 13, 2015.  See Exhibit C.

8     18. FIRST CERTIFICATE OF ACCEPTANCE.  On March 23,

9   2015 and on March 24, 2015, representatives of Defendant RFSS and

10   Plaintiff, respectively, executed the first (1st) of two (2) operative

11   documents entitled "Certificate of Acceptance." See Exhibit D.

12     19. TECHNICAL ASSISTANCE AGREEMENT.  Between April

13   20, 2015 and May 5, 2015, representatives of Defendant RFSS, Plaintiff, and

14   the German Defense Ministry's procurement branch executed a companion

15   agreement entitled "Technical Assistance Agreement" for the transfer of

16   technical data and performance of defense services related to the installation,

17   integration, on-site testing, and post-delivery support of Defendant RFSS's

18   CRS and the Add-Ons. See Exhibit E.  This companion agreement further

19   Page 7 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

memorialized the provision by Defendant RFSS of the Add-Ons to Plaintiff and the German Navy.  It reconfirmed in unambiguous terms the intended third party beneficiary of the Agreement and the companion Technical Assistance Agreement (together with the Agreement, discussed above in Paragraph 15, the "Agreement").

20.    AMENDED AGREEMENT.  On May 14, 2015, representatives of Defendant RFSS and Plaintiff executed an amendment to the Agreement that increased the value of the Agreement by thirty six thousand and six hundred and twenty one U.S. Dollars ($36,621.00), bringing the total value of the Agreement to two million and eighty six thousand and six hundred and twenty one U.S. Dollars ($2,086,621.00). See Exhibit F.

21.    SECOND PAYMENT.  On December 16, 2015, Defendant RFSS sent Plaintiff an invoice, no. 151, in the amount of nine hundred and twenty two thousand and five hundred U.S. Dollars ($922,500.00). See Exhibit G.  Plaintiff paid this second invoice by wire transfer to the bank account of Defendant RFSS (no. xxxx9834) located at GBC International Bank, 168 W. Garvey Ave., Monterey Park, CA 91754, on December 22, 2015. See Exhibit H.

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    22.    SECOND CERTIFICATE OF ACCEPTANCE.  On December

2  16, 2015 and on December 17, 2015, representatives of Defendant RFSS and

3  Plaintiff, respectively, executed the second (2nd) of two (2) operative

4  documents entitled "Certificate of Acceptance." See <u>Exhibit I</u>.  This second

5  "Certificate of Acceptance" transferred ownership of the CRS and the Add-

6  Ons from Defendant RFSS to Plaintiff.

7    23.    PACKING LIST.  On December 17, 2015, Defendant RFSS

8  provided Plaintiff with a "Packing List" for the (presumably) completed

9  CRS, no. 5129. See <u>Exhibit J</u>.  This "Packing List" indicated the preparation

10  for shipment of one (1) crate containing the CRS from Defendant RFSS's

11  facility in Orange, California to Plaintiff's facility in Meckenheim,

12  Germany.  The "Packing List" provided for the INCOTERM shipping

13  method "Delivery in Place."  "Delivery in Place" transfers title in the CRS

14  from Defendant RFSS to Plaintiff upon the CRS's deposit in a crate at

15  Defendant RFSS's facility.

16    24.    VADATECH PRESS RELEASE.  On May 23, 2016,

17  Defendant VT published a press release that was redistributed online by

18  www.roboticstomorrow.com and www.pressbox.co.uk and possibly by other

19  Page 9 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  press outlets (the "Press Release"). See Exhibit K.  The Press Release stated

2  that Defendant VT acquired Defendant RFSS and Defendant RFSS's

3  expertise in digital radio frequency memory technology.  In the Press

4  Release, Defendant Mr. Karamooz is quoted as saying that Defendant VT –

5  not Defendant VSX – acquired Defendant RFSS.  The Press Release next

6  quotes Defendant Mr. Damon as acknowledging that Defendant VT – not

7  Defendant VSX – acquired Defendant RFSS. The Press Release, dated

8  approximately one (1) month before the Closure Notice (as defined below) is

9  inconsistent with the contents of the Closure Notice and raises serious

10  questions as to: (a) the precise entity that acquired Defendant RFSS's assets

11  or stock; and (b) whether in fact Defendant RFSS underwent an asset sale or

12  a sale of its stock.

13      25.    CRS TEST READINESS NOTICE.  On or about June 16,

14  2016, Defendant RFSS provided Plaintiff with a document entitled "CRS

15  Test Readiness Notice June 2016.docx" (the "Readiness Notice"). The

16  Readiness Notice updated the prior same notice of April 2016. See Exhibit

17  L.  Pursuant to the Readiness Notice and the parties' understanding, upon

18  successful completion of the test described in the Readiness Notice, the CRS

19  Page 10 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  and the Add-Ons were to leave Defendant RFSS's facility for delivery to

2  Plaintiff's facility the following day.

3       26.   THE CLOSURE NOTICE.  On June 21, 2016, Defendant VSX

4  circulated a statement entitled "Notice to All Radio Frequency Simulation

5  Systems, Inc. Customers" (the "Closure Notice"). See Exhibit M.  Plaintiff

6  was a recipient of the Closure Notice.  The Closure Notice informed its

7  recipients that Defendant VSX "recently purchased the assets of [Defendant

8  RFSS]" in a transaction that closed on or about May 16, 2016 (the

9  "Transaction"); that Defendant RFSS and Defendant Mr. Damon failed to

10  make certain material disclosures or made misrepresentations or both during

11  the sale of Defendant RFSS's assets; that for these reasons "[…] it [was] not

12  financially viable for [Defendant VSX] to continue operating [Defendant

13  RFSS] […]"; and that "Therefore, [Defendant VSX] [was] hereby providing

14  notice of the closure of the business effective at 5:00 p.m. [on June 21,

15  2016]."  The closure of the Defendant RFSS facility led to the layoff of all

16  peopling working at that facility, and Defendant RFSS and its agents have

17  been prevented from reentering the facility.

18       27.   LOCATION.  On or about July 1, 2016, Plaintiff was informed

19  Page 11 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   that the CRS and the Add-Ons were located at Defendant RFSS's facility

2   and that Defendant VSX had hired armed guard(s) to take control of the

3   Defendant RFSS facility, including the CRS and the Add-Ons.

4          28.    THE ARTICLE.  On July 8, 2016, a publication entitled

5   "defense electronics", located at www.defenseelectronicsmag.com,

6   published an article written by Jack Browne, entitled "VadaTech Targets

7   DRFM with RFSS Acquisition" (the "Article"). See Exhibit N.  The Article

8   stated that Defendant VT acquired Defendant RFSS and Defendant RFSS's

9   expertise in digital radio frequency memory technology.  In the Article,

10  Defendant Mr. Karamooz is quoted as saying that Defendant VT – not

11  Defendant VSX – acquired Defendant RFSS.  The Article next quotes

12  Defendant Mr. Damon as acknowledging that Defendant VT – not

13  Defendant VSX – acquired Defendant RFSS.  The Article, dated two and

14  one half (2 ½) weeks after the Closure Notice is inconsistent with the

15  contents of the Closure Notice and raises serious questions as to: (a) the

16  precise entity that acquired Defendant RFSS's assets or stock; (b) whether in

17  fact Defendant RFSS underwent an asset sale or a sale of its stock; and (c)

18  whether the Closure Notice was accurate in stating that Defendant RFSS's

19                          Page 12 of 200

20             COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    business closed effective at 5:00 p.m. on June 21, 2016.

2        29.    MR. BENEDICT'S LETTER.  On July 21, 2016, Mr. Benedict

3    sent Messrs. James M. Grady, Esq. and Andrew Leitch, Esq. (counsels for

4    Defendant RFSS, Defendant Mr. Damon, Defendants "all directors and

5    officers of Defendant RFSS," and Defendants "all shareholders of Defendant

6    RFSS") a letter. See Exhibit O.  This letter informed its recipients that Mr.

7    Benedict sent cease and desist letters to people who had been exposed to the

8    Defendant RFSS assets, including in particular certain proprietary and

9    confidential information purchased by Defendant VSX.  The letter further

10   requested that Defendant RFSS and Defendant Mr. Damon cease and desist

11   from using or accessing or both any Defendant RFSS assets purchased by

12   Defendant VSX that are still in Defendant RFSS's possession; preserve such

13   assets until they are turned over to Defendant VSX; and finally, turn over

14   such assets to Defendant VSX.

15       30.    BDL'S LETTER.  On July 25, 2016, Plaintiff's Italian counsel,

16   Studio Legale BDL, sent Mr. Benedict a letter with copies to Messrs. Grady

17   and Leitch. See Exhibit P.  This letter informed its recipients that Plaintiff

18   has a contract with Defendant RFSS.  The letter further informed its

19                          Page 13 of 200

20            COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   recipients that Plaintiff had been following settlement discussions between

2   Defendant VSX and Defendant RFSS, discussions that apparently sought to

3   resolve the dispute that arose as a consequence of the Transaction and the

4   closure of Defendant RFSS's business on June 21, 2016.  This letter also

5   informed its recipients that title in the CRS and the Add-Ons has passed to

6   Plaintiff and that final delivery was expected at Plaintiff's facility in

7   Meckenheim, Germany in July 2016.

8          31.    DELIVERY TO GERMAN NAVY.  Plaintiff is contractually

9   obligated to deliver the CRS and the Add-Ons to the German Navy as early

10  as possible in August 2016.

11         32.    CURRENT STATUS .  Defendant RFSS has transferred

12  ownership of the CRS and the Add-Ons to Plaintiff.  As of the filing of this

13  complaint, Plaintiff has received neither delivery of the indivisible CRS and

14  the Add-Ons nor adequate assurance of performance under the Agreement.

15                         CAUSES OF ACTION

16         **FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

17                  **As against Defendant RFSS:**

18         33.    **Existence of a Contract:** The Agreement memorialized a

19                           Page 14 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    contract formed between Plaintiff and Defendant RFSS.

2        34.    **Plaintiff's Performance:** Consideration under the Agreement

3    was Plaintiff's payment of money to Defendant RFSS for Defendant RFSS's

4    design, manufacture, and delivery of the CRS and the Add-Ons to Plaintiff.

5    Plaintiff performed by paying substantially all of the money it owes under

6    the Agreement to Defendant RFSS.

7        35.    **Defendant RFSS's Material Breach:** Defendant RFSS,

8    meanwhile, has failed to deliver the CRS and the Add-Ons to Plaintiff by the

9    Delivery Date or to provide Plaintiff with adequate assurance of

10   performance under the Agreement.  After the Transaction close, Defendant

11   RFSS declared a dividend and stripped Defendant RFSS of its remaining

12   assets, so that Defendant RFSS was unable to perform under the Agreement.

13   The Agreement, moreover, prohibits Defendant RFSS from assigning or

14   transferring its rights and obligations under the Agreement to any third

15   party, which includes Defendant VSX, Defendant VT or both, or any of their

16   affiliates.  However, Defendant RFSS, Defendant VSX, Defendant VT and

17   their affiliates allege a transfer of rights and obligations under the

18   Agreement.

19                              Page 15 of 200

20                    COMPLAINT FOR BREACH OF CONTRACT, ETC.

36.   **Plaintiff's Damages:** Plaintiff has suffered injury as a result of Defendant RFSS's material failure to perform under the Agreement and is therefore entitled to money damages.  Plaintiff has suffered further injury on account of the transfer of the Agreement in violation of the anti-assignment clause, and is therefore entitlement to money damages on that account as well.

## SECOND CAUSE OF ACTION: CONVERSION

### As against Defendant RFSS:

37.   **Plaintiff's Property Ownership:** Ownership to the CRS and the Add-Ons under the Agreement has passed from Defendant RFSS to Plaintiff.  Plaintiff's payment of money to Defendant RFSS without receiving the promised CRS and the Add-Ons means Plaintiff's money also remains Plaintiff's property.

38.   **Defendant RFSS Dispossessed Plaintiff of Property:**  By failing to deliver the CRS and the Add-Ons to Plaintiff on the Delivery Date and by transferring the CRS and the Add-Ons to Defendant VSX, Defendant VT or both, or any of their affiliates, Defendant RFSS has dispossessed Plaintiff of its property.  Moreover, by retaining Plaintiff's money without

Page 16 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

delivering the promised CRS and the Add-Ons, by declaring a dividend and stripping Defendant RFSS of its remaining assets, and by transferring Plaintiff's money to Defendant VSX, Defendant VT or both, or any of their affiliates, Defendant RFSS has further dispossessed Plaintiff of its property.

39.   **Plaintiff's Damages:** Plaintiff has suffered substantial damages as a result, and Defendant RFSS is therefore liable to Plaintiff in tort for conversion.

### THIRD CAUSE OF ACTION: FRAUD

### As against Defendant RFSS:

40.   **Defendant RFSS's Misrepresentation:** Under the Agreement, Defendant RFSS represented to Plaintiff that it would design, manufacture, and deliver to Plaintiff the CRS and the Add-Ons.

41.   **Defendant RFSS Knew About the Misrepresentation and Induced Plaintiff to Rely on that Misrepresentation:** Defendant RFSS's failure to perform the representation turned the representation into a misrepresentation.  By entering into the risky and inconclusive Transaction without providing any notice to Plaintiff – after Plaintiff had substantially performed under the Agreement – and, by violating the anti-assignment

Page 17 of 200

1   clause of the Agreement, Defendant RFSS knowingly and intentionally

2   elected not to honor its obligations under the Agreement while retaining one

3   million seven hundred and forty two thousand and five hundred U.S. Dollars

4   ($1,742,500.00) of Plaintiff's money.  Additionally, Defendant RFSS

5   defrauded Plaintiff by knowingly and intentionally declaring a dividend and

6   stripping the remaining assets out of Defendant RFSS after the Transaction

7   close.

8        42.   **Plaintiff's Justifiable Reliance:** Plaintiff on the basis of the

9   Agreement was justified in relying on Defendant RFSS's representation

10  turned misrepresentation.

11       43.   **Plaintiff's Resulting Damages:** Plaintiff has suffered

12  substantial damages as a result of Defendant RFSS's fraudulent behavior.

13  **FOURTH CAUSE OF ACTION: NEGLIGENCE**

14  **As against Defendant RFSS:**

15       44.   **Defendant RFSS Owed Plaintiff a Duty of Care:**  By entering

16  into the Transaction, Defendant RFSS owed Plaintiff a duty of care to carry

17  out the Transaction in a reasonable and ordinarily prudent manner such that

18  performance under the Agreement would continue unimpeded.

19  Page 18 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

45.   **Defendant RFSS Breached that Duty:**  Defendant RFSS breached its duty of care to Plaintiff by entering into the risky and inconclusive Transaction.

46.   **Defendant RFSS was the Proximate Cause and Cause in Fact:**  It was foreseeable that by entering into the risky and inconclusive Transaction, Defendant RFSS would breach its duty of care to Plaintiff.  But for Defendant RFSS entering into the Transaction, Defendant RFSS would not have breached its duty of care to Plaintiff.

47.   **Plaintiff's Damages:**  Plaintiff has suffered substantial damages as a result of Defendant RFSS's breach of its duty of care to Plaintiff.

## FIFTH CAUSE OF ACTION: GROSS NEGLIGENCE

### As against Defendant RFSS:

48.   Plaintiff reasserts and re-alleges the points of the Fourth Cause of Action.

49.   Additionally, Defendant RFSS breached its duty of care to Plaintiff by entering into the risky and inconclusive Transaction in a manner evidencing an extreme departure from the ordinary standard of conduct.

Page 19 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

**SIXTH CAUSE OF ACTION: TORTIOUS INTERFERENCE WITH**

**CONTRACT**

**As against Defendant RFSS:**

50.     **Plaintiff's Valid Contract:**  The Agreement is a valid contract between Plaintiff and Defendant RFSS.

51.     **Defendant RFSS Knew About Contract:**  Despite breaching the anti-assignment clause of the Agreement, Defendant RFSS assigned the Agreement to Defendant VSX in the Transaction.  Therefore, Defendant RFSS knew that Defendant VSX had a contract with Plaintiff.

52.     **Defendant RFSS Intentionally Induced Breach:**  Defendant RFSS induced Defendant VSX to breach its performance under the Agreement by causing Defendant VSX to be unable to perform under the Agreement after the Transaction close due to Defendant RFSS's allegedly fraudulent behavior during the Transaction.

53.     **Actual Breach of Contract:**  Defendant VSX refuses to perform under the Agreement due to Defendant RFSS's allegedly fraudulent behavior during the Transaction.

54.     **Plaintiff's Damages:**  Plaintiff is damaged as a result of

Page 20 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Defendant VSX's breach of contract.

2    **SEVENTH CAUSE OF ACTION: BREACH OF CONTRACT**

3    **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

4    55.    Plaintiff reasserts and re-alleges the points of the First Cause of

5    Action.

6    56.    At all relevant times, Defendant Mr. Damon was the alter ego of

7    Defendant RFSS and the alleged actions of Defendant RFSS were really

8    Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

9    Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

10   and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

11   device to avoid individual liability.  Unless this Court pierces the corporate

12   veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

13   Mr. Damon will personally profit from his material breach of contract

14   without incurring any of the liabilities.

15   57.    After the Transaction close, Defendant Mr. Damon as the alter

16   ego of Defendant RFSS stripped Defendant RFSS of its remaining assets, so

17   that Defendant RFSS was unable to perform under the Agreement.

18   Defendant Mr. Damon as the alter ego of Defendant RFSS further breached

19   Page 21 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    the Agreement by violating the anti-assignment clause of the Agreement.

2    Defendant Mr. Damon as the alter ego of Defendant RFSS thus materially

3    breached the Agreement, as outlined above.

4                    **EIGHTH CAUSE OF ACTION: CONVERSION**

5       **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

6             58.    Plaintiff reasserts and re-alleges the points of the Second Cause

7    of Action.

8             59.    At all relevant times, Defendant Mr. Damon was the alter ego of

9    Defendant RFSS and the alleged actions of Defendant RFSS were really

10   Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

11   Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

12   and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

13   device to avoid individual liability.  Unless this Court pierces the corporate

14   veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

15   Mr. Damon will personally profit from his acts of conversion without

16   incurring any of the liabilities.

17            60.    Defendant Mr. Damon as the alter ego of Defendant RFSS

18   converted the CRS and the Add-Ons away from Plaintiff by failing to

19                                Page 22 of 200

20                   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   deliver them to Plaintiff and by transferring them to Defendant VSX,

2   Defendant VT or both, or any of their affiliates.

3        61.    Defendant Mr. Damon as the alter ego of Defendant RFSS

4   converted Plaintiff's cash payment for the CRS and the Add-Ons by

5   stripping the assets out of Defendant RFSS after the Transaction close and

6   by transferring Plaintiff's cash payment to Defendant VSX, Defendant VT

7   or both, or any of their affiliates.

8   **NINTH CAUSE OF ACTION: FRAUD**

9   **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

10        62.    Plaintiff reasserts and re-alleges the points of the Third Cause of

11   Action.

12        63.    At all relevant times, Defendant Mr. Damon was the alter ego of

13   Defendant RFSS and the alleged actions of Defendant RFSS were really

14   Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

15   Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

16   and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

17   device to avoid individual liability.  Unless this Court pierces the corporate

18   veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

19   Page 23 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  Mr. Damon will personally profit from his acts of fraud without incurring

2  any of the liabilities.

3       64.  Defendant Mr. Damon as the alter ego of Defendant RFSS

4  defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay

5  Defendant RFSS funds without providing the promised CRS and the Add-

6  Ons.

7       65.  Defendant Mr. Damon as the alter ego of Defendant RFSS

8  further defrauded Plaintiff by knowingly and intentionally stripping the

9  remaining assets out of Defendant RFSS after the Transaction close.

10  **TENTH CAUSE OF ACTION: NEGLIGENCE**

11  **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

12       66.  Plaintiff reasserts and re-alleges the points of the Fourth Cause

13  of Action.

14       67.  At all relevant times, Defendant Mr. Damon was the alter ego of

15  Defendant RFSS and the alleged actions of Defendant RFSS were really

16  Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

17  Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

18  and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

19  Page 24 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  device to avoid individual liability.  Unless this Court pierces the corporate

2  veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

3  Mr. Damon will personally profit from his negligent acts without incurring

4  any of the liabilities.

5      68.    Defendant Mr. Damon as the alter ego of Defendant RFSS

6  breached his duty of care to Plaintiff by entering into the risky and

7  inconclusive Transaction.

8  **ELEVENTH CAUSE OF ACTION: GROSS NEGLIGENCE**

9  **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

10     69.    Plaintiff reasserts and re-alleges the points of the Fifth Cause of

11  Action.

12     70.    At all relevant times, Defendant Mr. Damon was the alter ego of

13  Defendant RFSS and the alleged actions of Defendant RFSS were really

14  Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

15  Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

16  and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

17  device to avoid individual liability.  Unless this Court pierces the corporate

18  veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

19                    Page 25 of 200

20                    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Mr. Damon will personally profit from his grossly negligent acts without

2   incurring any of the liabilities.

3        71.    Defendant Mr. Damon as the alter ego of Defendant RFSS

4   breached his duty of care to Plaintiff by entering into the risky and

5   inconclusive Transaction in a manner evidencing an extreme departure from

6   the ordinary standard of conduct.

7   **TWELTH CAUSE OF ACTION: TORTIOUS INTERFERENCE**

8   **WITH CONTRACT**

9   **As against Defendant Mr. Damon as the alter ego of Defendant RFSS:**

10       72.    Plaintiff reasserts and re-alleges the points of the Sixth Cause of

11   Action.

12       73.    At all relevant times, Defendant Mr. Damon was the alter ego of

13   Defendant RFSS and the alleged actions of Defendant RFSS were really

14   Defendant Mr. Damon's actions.  At all relevant times, Defendant Mr.

15   Damon dominated Defendant RFSS, Defendant RFSS had inadequate capital

16   and assets, and Defendant RFSS was used by Defendant Mr. Damon as a

17   device to avoid individual liability.  Unless this Court pierces the corporate

18   veil of Defendant RFSS, an inequitable result will obtain, namely, Defendant

19                          Page 26 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Mr. Damon will personally profit from his tortious interference with contract

2   without incurring any of the liabilities.

3       74.    Defendant Mr. Damon as the alter ego of Defendant RFSS

4   interfered with the Agreement by transferring the Agreement, Defendant

5   RFSS and Defendant RFSS's assets in the Transaction to Defendant VSX,

6   Defendant VT or both, or any of their affiliates in an allegedly fraudulent

7   manner.

8       **THIRTEENTH CAUSE OF ACTION: BREACH OF CONTRACT**

9       **As against Defendants "all directors and officers of Defendant RFSS":**

10      75.    Plaintiff reasserts and re-alleges the points of the First Cause of

11  Action.

12      76.    At all relevant times, Defendants "all directors and officers of

13  Defendant RFSS" had the authority to perform under the Agreement.

14      77.    Defendants "all directors and officers of Defendant RFSS"

15  failed to perform under the Agreement and thus materially breached the

16  Agreement, as outlined above.

17      **FOURTEENTH CAUSE OF ACTION: CONVERSION**

18      **As against Defendants "all directors and officers of Defendant RFSS":**

19                      Page 27 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    78.    Plaintiff reasserts and re-alleges the points of the Second Cause

2    of Action.

3    79.    At all relevant times, Defendants "all directors and officers of

4    Defendant RFSS" had the authority not to convert the CRS and the Add-Ons

5    away from Plaintiff.

6    80.    Defendants "all directors and officers of Defendant RFSS"

7    converted the CRS and the Add-Ons away from Plaintiff by failing to

8    deliver them to Plaintiff on the Delivery Date and by transferring them to

9    Defendant VSX, Defendant VT or both, or any of their affiliates.

10    81.    Defendants "all directors and officers of Defendant RFSS"

11    converted Plaintiff's cash payment for the CRS and the Add-Ons by

12    stripping the assets out of Defendant RFSS after the Transaction close and

13    by transferring Plaintiff's cash payment to Defendant VSX, Defendant VT

14    or both, or any of their affiliates.

15    **FIFTEENTH CAUSE OF ACTION: FRAUD**

16    **As against Defendants "all directors and officers of Defendant RFSS":**

17    82.    Plaintiff reasserts and re-alleges the points of the Third Cause of

18    Action.

19    Page 28 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

83.   At all relevant times, Defendants "all directors and officers of Defendant RFSS" had the authority to prevent fraud upon Plaintiff.

84.   Defendants "all directors and officers of Defendant RFSS" defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay Defendant RFSS funds without providing the promised CRS and the Add-Ons.

85.   Defendants "all directors and officers of Defendant RFSS" further defrauded Plaintiff by knowingly and intentionally stripping the remaining assets out of Defendant RFSS after the Transaction close.

**SIXTEENTH CAUSE OF ACTION: NEGLIGENCE**

**As against Defendants "all directors and officers of Defendant RFSS":**

86.   Plaintiff reasserts and re-alleges the points of the Fourth Cause of Action.

87.   At all relevant times, Defendants "all directors and officers of Defendant RFSS" had the authority to prevent negligent behavior towards Plaintiff.

88.   Defendants "all directors and officers of Defendant RFSS" breached their duties of care to Plaintiff by entering into the risky and

Page 29 of 200

1    inconclusive Transaction.

2    **SEVENTEENTH CAUSE OF ACTION: GROSS NEGLIGENCE**

3    **As against Defendants "all directors and officers of Defendant RFSS":**

4         89.    Plaintiff reasserts and re-alleges the points of the Fifth Cause of

5    Action.

6         90.    At all relevant times, Defendants "all directors and officers of

7    Defendant RFSS" had the authority to prevent grossly negligent behavior

8    towards Plaintiff.

9         91.    Defendants "all directors and officers of Defendant RFSS"

10   breached their duties of care to Plaintiff by entering into the risky and

11   inconclusive Transaction in a manner evidencing an extreme departure from

12   the ordinary standard of conduct.

13   **EIGHTEENTH CAUSE OF ACTION: TORTIOUS INTERFERENCE**

14                          **WITH CONTRACT**

15   **As against Defendants "all directors and officers of Defendant RFSS":**

16        92.    Plaintiff reasserts and re-alleges the points of the Sixth Cause of

17   Action.

18        93.    At all relevant times, Defendants "all directors and officers of

19                          Page 30 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Defendant RFSS" had the authority not to interfere with the Agreement.

2        94.    Defendants "all directors and officers of Defendant RFSS"

3    interfered with the Agreement by transferring the Agreement, Defendant

4    RFSS and Defendant RFSS's assets in the Transaction to Defendant VSX,

5    Defendant VT or both, or any of their affiliates in an allegedly fraudulent

6    manner.

7    **NINETEENTH CAUSE OF ACTION: BREACH OF CONTRACT**

8    **As against Defendants "all shareholders of Defendant RFSS" as the**

9    **alter egos of Defendant RFSS:**

10       95.    Plaintiff reasserts and re-alleges the points of the First Cause of

11   Action.

12       96.    At all relevant times, Defendants "all shareholders of Defendant

13   RFSS" were the alter egos of Defendant RFSS and the alleged actions of

14   Defendant RFSS were really the actions of Defendants "all shareholders of

15   Defendant RFSS."  At all relevant times, Defendants "all shareholders of

16   Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had

17   inadequate capital and assets, and Defendant RFSS was used by Defendants

18   "all shareholders of Defendant RFSS" as a device to avoid individual

19                          Page 31 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an

2   inequitable result will obtain, namely, Defendants "all shareholders of

3   Defendant RFSS" will themselves profit from their material breach of

4   contract without incurring any of the liabilities.

5          97.    After the Transaction close, Defendants "all shareholders of

6   Defendant RFSS" as the alter egos of Defendant RFSS stripped Defendant

7   RFSS of its remaining assets, so that it was unable to perform under the

8   Agreement.  Defendants "all shareholders of Defendant RFSS" as the alter

9   egos of Defendant RFSS further breached the Agreement by violating the

10  anti-assignment clause of the Agreement.  Defendants "all shareholders of

11  Defendant RFSS" as the alter egos of Defendant RFSS thus materially

12  breached the Agreement, as outlined above.

13              **TWENTIETH CAUSE OF ACTION: CONVERSION**

14  **As against Defendants "all shareholders of Defendant RFSS" as the**

15                  **alter egos of Defendant RFSS:**

16          98.    Plaintiff reasserts and re-alleges the points of the Second Cause

17  of Action.

18          99.    At all relevant times, Defendants "all shareholders of Defendant

19                      Page 32 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   RFSS" were the alter egos of Defendant RFSS and the alleged actions of

2   Defendant RFSS were really the actions of Defendants "all shareholders of

3   Defendant RFSS."  At all relevant times, Defendants "all shareholders of

4   Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had

5   inadequate capital and assets, and Defendant RFSS was used by Defendants

6   "all shareholders of Defendant RFSS" as a device to avoid individual

7   liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an

8   inequitable result will obtain, namely, Defendants "all shareholders of

9   Defendant RFSS" will themselves profit from their acts of conversion

10  without incurring any of the liabilities.

11       100.   Defendants "all shareholders of Defendant RFSS" as the alter

12  egos of Defendant RFSS converted the CRS and the Add-Ons away from

13  Plaintiff by failing to deliver them to Plaintiff and by transferring them to

14  Defendant VSX, Defendant VT or both, or any of their affiliates.

15       101.   Defendants "all shareholders of Defendant RFSS" as the alter

16  egos of Defendant RFSS converted Plaintiff's cash payment for the CRS and

17   the Add-Ons by stripping the remaining assets out of Defendant RFSS after

18  the Transaction and by transferring Plaintiff's cash payment to Defendant

19                           Page 33 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  VSX Defendant VT or both, or any of their affiliates.

2  **TWENTY-FIRST CAUSE OF ACTION: FRAUD**

3  **As against Defendants "all shareholders of Defendant RFSS" as the**

4  **alter egos of Defendants RFSS:**

5      102.   Plaintiff reasserts and re-alleges the points of the Third Cause of

6  Action.

7      103.   At all relevant times, Defendants "all shareholders of Defendant

8  RFSS" were the alter egos of Defendant RFSS and the alleged actions of

9  Defendant RFSS were really the actions of Defendants "all shareholders of

10  Defendant RFSS."  At all relevant times, Defendants "all shareholders of

11  Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had

12  inadequate capital and assets, and Defendant RFSS was used by Defendants

13  "all shareholders of Defendant RFSS" as a device to avoid individual

14  liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an

15  inequitable result will obtain, namely, Defendants "all shareholders of

16  Defendant RFSS" will themselves profit from their acts of fraud without

17  incurring any of the liabilities.

18      104.   Defendants "all shareholders of Defendant RFSS" as the alter

19

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  egos of Defendant RFSS defrauded Plaintiff by knowingly and intentionally

2  inducing Plaintiff to pay Defendant RFSS funds without providing the

3  promised CRS and the Add-Ons.

4      105.   Defendants "all shareholders of Defendant RFSS" as the alter

5  egos of Defendant RFSS further defrauded Plaintiff by knowingly and

6  intentionally stripping the remaining assets out of Defendant RFSS after the

7  Transaction close.

8  **TWENTY-SECOND CAUSE OF ACTION: NEGLIGENCE**

9  **As against Defendants "all shareholders of Defendant RFSS" as the**

10  **alter egos of Defendant RFSS:**

11      106.   Plaintiff reasserts and re-alleges the points of the Fourth Cause

12  of Action.

13      107.   At all relevant times, Defendants "all shareholders of Defendant

14  RFSS" were the alter egos of Defendant RFSS and the alleged actions of

15  Defendant RFSS were really the actions of Defendants "all shareholders of

16  Defendant RFSS."  At all relevant times, Defendants "all shareholders of

17  Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had

18  inadequate capital and assets, and Defendant RFSS was used by Defendants

19  Page 35 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   "all shareholders of Defendant RFSS" as a device to avoid individual

2   liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an

3   inequitable result will obtain, namely, Defendants "all shareholders of

4   Defendant RFSS" will themselves profit from their negligent acts without

5   incurring any of the liabilities.

6       108.   Defendants "all shareholders of Defendant RFSS" as the alter

7   egos of Defendant RFSS breached their duties of care to Plaintiff by entering

8   into the risky and inconclusive Transaction.

9       **TWENTY-THIRD CAUSE OF ACTION: GROSS NEGLIGENCE**

10      **As against Defendants "all shareholders of Defendant RFSS" as the**

11                      **alter egos of Defendant RFSS:**

12      109.   Plaintiff reasserts and re-alleges the points of the Fifth Cause of

13  Action.

14      110.   At all relevant times, Defendants "all shareholders of Defendant

15  RFSS" were the alter egos of Defendant RFSS and the alleged actions of

16  Defendant RFSS were really the actions of Defendants "all shareholders of

17  Defendant RFSS."  At all relevant times, Defendants "all shareholders of

18  Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had

19                          Page 36 of 200

20                  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   inadequate capital and assets, and Defendant RFSS was used by Defendants

2   "all shareholders of Defendant RFSS" as a device to avoid individual

3   liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an

4   inequitable result will obtain, namely, Defendants "all shareholders of

5   Defendant RFSS" will themselves profit from their grossly negligent acts

6   without incurring any of the liabilities.

7        111.   Defendants "all shareholders of Defendant RFSS" as the alter

8   egos of Defendant RFSS breached their duties of care to Plaintiff by entering

9   into the risky and inconclusive Transaction in a manner evidencing an

10  extreme departure from the ordinary standard of conduct.

11        **TWENTY-FOURTH CAUSE OF ACTION: TORTIOUS**

12                    **INTERFERENCE WITH CONTRACT**

13   **As against Defendants "all shareholders of Defendant RFSS" as the**

14                    **alter egos of Defendant RFSS:**

15        112.   Plaintiff reasserts and re-alleges the points of the Sixth Cause of

16  Action.

17        113.   At all relevant times, Defendants "all shareholders of Defendant

18  RFSS" were the alter egos of Defendant RFSS and the alleged actions of

19                            Page 37 of 200

20            COMPLAINT FOR BREACH OF CONTRACT, ETC.

Defendant RFSS were really the actions of Defendants "all shareholders of Defendant RFSS."  At all relevant times, Defendants "all shareholders of Defendant RFSS" dominated Defendant RFSS, Defendant RFSS had inadequate capital and assets, and Defendant RFSS was used by Defendants "all shareholders of Defendant RFSS" as a device to avoid individual liability.  Unless this Court pierces the corporate veil of Defendant RFSS, an inequitable result will obtain, namely, Defendants "all shareholders of Defendant RFSS" will themselves profit from their tortious interference with contract without incurring any of the liabilities.

114.   Defendants "all shareholders of Defendant RFSS" as the alter egos of Defendant RFSS interfered with the Agreement by entering into the Transaction in an allegedly fraudulent manner.

**TWENTY-FIFTH CAUSE OF ACTION: BREACH OF CONTRACT**

**As against Defendant VSX:**

115.   **Existence of a Contract:** The Agreement memorialized a contract formed between Plaintiff and Defendant RFSS, and Defendant VSX is the successor-in-interest of Defendant RFSS to the Agreement.

116.   **Plaintiff's Performance:** Consideration under the Agreement

Page 38 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  was Plaintiff's payment of money to Defendant RFSS for its successor-in-

2  interest, Defendant VSX, to design, manufacture, and deliver the CRS and

3  the Add-Ons to Plaintiff.  Plaintiff performed by paying substantially all of

4  the money it owes under the Agreement to Defendant RFSS.

5      117.  **Defendant VSX's Material Breach:** Defendant VSX,

6  meanwhile, has failed to deliver the CRS and the Add-Ons to Plaintiff by the

7  Delivery Date or to provide Plaintiff with adequate assurance of

8  performance under the Agreement.

9      118.  **Plaintiff's Damages:** Plaintiff has suffered injury as a result of

10  Defendant VSX's material failure to perform under the Agreement and is

11  therefore entitled to money damages.

12          **TWENTY-SIXTH CAUSE OF ACTION: CONVERSION**

13                  **As against Defendant VSX:**

14      119.  **Plaintiff's Property Ownership:** Ownership to the CRS and

15  the Add-Ons under the Agreement has passed from Defendant RFSS to

16  Plaintiff.  Plaintiff's payment of money to Defendant RFSS without

17  receiving the promised CRS and the Add-Ons means Plaintiff's money also

18  remains Plaintiff's property.

19                      Page 39 of 200

20          COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    120.   **Defendant VSX Dispossessed Plaintiff of Property:** By

2    failing to deliver the CRS and the Add-Ons to Plaintiff on the Delivery Date

3    and by not allowing Plaintiff to receive the CRS and the Add-Ons,

4    Defendant VSX has dispossessed Plaintiff of its property.  Moreover, by

5    retaining Plaintiff's money and the CRS and the Add-Ons without delivering

6    to Plaintiff the promised CRS and the Add-Ons, Defendant VSX has further

7    dispossessed Plaintiff of its property.

8    121.   **Plaintiff's Damages:** Plaintiff has suffered substantial damages

9    as a result, and Defendant VSX is therefore liable to Plaintiff in tort for

10    conversion.

11    **TWENTY-SEVENTH CAUSE OF ACTION: FRAUD**

12    **As against Defendant VSX:**

13    122.   **Defendant VSX's Misrepresentation:** As the successor-in-

14    interest to Defendant RFSS, under the Agreement, Defendant VSX

15    represented to Plaintiff that it would design, manufacture, and deliver to

16    Plaintiff the CRS and the Add-Ons.

17    123.   **Defendant VSX Knew About the Misrepresentation and**

18    **Induced Plaintiff to Rely on that Misrepresentation:** Defendant VSX's

19    Page 40 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    failure to perform the representation turned the representation into a

2    misrepresentation.  By entering into the risky and inconclusive Transaction

3    without providing any notice to Plaintiff – after Plaintiff had substantially

4    performed under the Agreement – and, by participating in the violation of

5    the anti-assignment clause of the Agreement by Defendant RFSS, Defendant

6    VSX knowingly and intentionally elected not to honor its obligations under

7    the Agreement while retaining one million seven hundred and forty two

8    thousand and five hundred U.S. Dollars ($1,742,500.00) of Plaintiff's

9    money.  At the latest, this liability accrued when Defendant VSX received

10   the letter, dated July 25, 2016, from Plaintiff's Italian counsel.  Thereafter,

11   Defendant VSX became in knowing possession of a substantial sum of

12   money and the CRS and the Add-Ons to which it is not entitled.  Retaining

13   that money and the CRS and the Add-Ons without delivering to Plaintiff the

14   CRS and the Add-Ons perpetuates Defendant RFSS's original fraud and

15   renders Defendant VSX liable to Plaintiff in tort for fraud.

16        124.  **Plaintiff's Justifiable Reliance:** Plaintiff on the basis of the

17   Agreement was justified in relying on Defendant VSX's representation

18   turned misrepresentation.

19                            Page 41 of 200

20             COMPLAINT FOR BREACH OF CONTRACT, ETC.

125.   **Plaintiff's Resulting Damages:** Plaintiff has suffered substantial damages as a result of Defendant VSX's fraudulent behavior.

### TWENTY-EIGHTH CAUSE OF ACTION: NEGLIGENCE

### As against Defendant VSX:

126.   **Defendant VSX Owed Plaintiff a Duty of Care:**  By entering into the Transaction, Defendant VSX owed Plaintiff a duty of care to carry out the Transaction in a reasonable and ordinarily prudent manner such that performance under the Agreement would continue unimpeded.

127.   **Defendant VSX Breached that Duty:** Defendant VSX breached its duty of care to Plaintiff by entering into the risky and inconclusive Transaction.

128.   **Defendant VSX was the Proximate Cause and Cause in Fact:**  It was foreseeable that by entering into the risky and inconclusive Transaction, Defendant VSX would breach its duty of care to Plaintiff.  But for Defendant VSX entering into the Transaction, Defendant VSX would not have breached its duty of care to Plaintiff.

129.   **Plaintiff's Damages:**  Plaintiff has suffered substantial damages as a result of Defendant VSX's breach of its duty of care to

Page 42 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Plaintiff.

2        **TWENTY-NINTH CAUSE OF ACTION: GROSS NEGLIGENCE**

3                    **As against Defendant VSX:**

4        130.   Plaintiff reasserts and re-alleges the points of the Twenty-

5    Eighth Cause of Action.

6        131.   Additionally, Defendant VSX breached its duty of care to

7    Plaintiff by entering into the risky and inconclusive Transaction in a manner

8    evidencing an extreme departure from the ordinary standard of conduct.

9        **THIRTIETH CAUSE OF ACTION: TORTIOUS INTERFERENCE**

10                        **WITH CONTRACT**

11                    **As against Defendant VSX:**

12        132.   **Plaintiff's Valid Contract:** The Agreement is a valid contract

13    between Plaintiff and Defendant RFSS.

14        133.   **Defendant VSX Knew About Contract:** Defendant VSX

15    knew that Defendant RFSS had a non-assignable contract with Plaintiff.  It

16    was reasonable for Defendant VSX to know about the approximately two

17    million U.S. Dollars ($2,000,000.00) Agreement at the time it entered into

18    the Transaction with Defendant RFSS.

19                    Page 43 of 200

20            COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    134.   **Defendant VSX Intentionally Induced Breach:** Defendant

2    VSX induced Defendant RFSS to assign the Agreement to Defendant VSX

3    in the Transaction in violation of the Agreement's anti-assignment clause.

4    Defendant VSX further induced Defendant RFSS to breach its performance

5    under the Agreement by causing Defendant RFSS to be unable to perform

6    under the Agreement after the Transaction close due to Defendant VSX

7    forcibly shutting down the Defendant RFSS facility.  Furthermore,

8    Defendant VSX has taken the CRS and the Add-Ons for itself, preventing

9    Defendant RFSS from delivering them to Plaintiff.  Therefore, Defendant

10   VSX intentionally induced Defendant RFSS to breach the anti-assignment

11   clause of the Agreement and to breach its performance under the Agreement,

12   causing resulting damage to Plaintiff.

13    135.   **Actual Breach of Contract:** Defendant RFSS refuses to

14   perform under the Agreement as a result of Defendant VSX's tortious

15   interference with Plaintiff's contract with Defendant RFSS.

16    136.   **Plaintiff's Damages:**  Plaintiff is damaged as a result of the

17   breach of contract, induced by Defendant VSX.

18   **THIRTY-FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

19                              Page 44 of 200

20                  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   **As against Defendant VT:**

2   137.   **Existence of a Contract:** The Agreement memorialized a

3   contract formed between Plaintiff and Defendant RFSS, and Defendant VT

4   is the successor-in-interest of Defendant RFSS to the Agreement.

5   138.   **Plaintiff's Performance:** Consideration under the Agreement

6   was Plaintiff's payment of money to Defendant RFSS for its successor-in-

7   interest, Defendant VT, to design, manufacture, and deliver the CRS and the

8   Add-Ons to Plaintiff.  Plaintiff performed by paying substantially all of the

9   money it owes under the Agreement to Defendant RFSS.

10   139.   **Defendant VT's Material Breach:** Defendant VT, meanwhile,

11   has failed to deliver the CRS and the Add-Ons to Plaintiff by the Delivery

12   Date or to provide Plaintiff with adequate assurance of performance under

13   the Agreement.

14   140.   **Plaintiff's Damages:** Plaintiff has suffered injury as a result of

15   Defendant VT's material failure to perform under the Agreement and is

16   therefore entitled to money damages.

17   **THIRTY-SECOND CAUSE OF ACTION: CONVERSION**

18   **As against Defendant VT:**

19   Page 45 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1       141.   **Plaintiff's Property Ownership:** Ownership to the CRS and

2   the Add-Ons under the Agreement has passed from Defendant RFSS to

3   Plaintiff.  Plaintiff's payment of money to Defendant RFSS without

4   receiving the promised CRS and the Add-Ons means Plaintiff's money also

5   remains Plaintiff's property.

6       142.   **Defendant VT Dispossessed Plaintiff of Property:** By failing

7   to deliver the CRS and the Add-Ons to Plaintiff on the Delivery Date and by

8   not allowing Plaintiff to receive the CRS and the Add-Ons, Defendant VT

9   has dispossessed Plaintiff of its property.  Moreover, by retaining Plaintiff's

10   money and the CRS and the Add-Ons without delivering the promised CRS

11   and the Add-Ons, Defendant VT has further dispossessed Plaintiff of its

12   property.

13       143.   **Plaintiff's Damages:** Plaintiff has suffered substantial damages

14   as a result, and Defendant VT is therefore liable to Plaintiff in tort for

15   conversion.

16               **THIRTY-THIRD CAUSE OF ACTION: FRAUD**

17                       **As against Defendant VT:**

18       144.   **Defendant VT's Misrepresentation:** As the successor-in-

19                         Page 46 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

interest to Defendant RFSS under the Agreement, Defendant VT represented to Plaintiff that it would design, manufacture, and deliver to Plaintiff the CRS and the Add-Ons.

145. **Defendant VT Knew About the Misrepresentation and Induced Plaintiff to Rely on that Misrepresentation:** Defendant VT's failure to perform the representation turned the representation into a misrepresentation.  By entering into the risky and inconclusive Transaction without providing any notice to Plaintiff – after Plaintiff had substantially performed under the Agreement – and, by participating in the violation of the anti-assignment clause of the Agreement by Defendant RFSS, Defendant VT knowingly and intentionally elected not to honor its obligations under the Agreement while retaining one million seven hundred and forty two thousand and five hundred U.S. Dollars ($1,742,500.00) of Plaintiff's money.  At the latest, this liability accrued when Defendant VT received the letter, dated July 25, 2016, from Plaintiff's Italian counsel.  Thereafter, Defendant VT became in knowing possession of a substantial sum of money and the CRS and the Add-Ons to which it is not entitled.  Retaining that money and the CRS and the Add-Ons without delivering to Plaintiff the

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   CRS and the Add-Ons perpetuates Defendant RFSS's original fraud and

2   renders Defendant VT liable to Plaintiff in tort for fraud.

3       146.   **Plaintiff's Justifiable Reliance:** Plaintiff on the basis of the

4   Agreement was justified in relying on Defendant VT's representation turned

5   misrepresentation.

6       147.   **Plaintiff's Resulting Damages:** Plaintiff has suffered

7   substantial damages as a result of Defendant VT's fraudulent behavior.

8               **THIRTY-FOURTH CAUSE OF ACTION: NEGLIGENCE**

9                        **As against Defendant VT:**

10       148.   **Defendant VT Owed Plaintiff a Duty of Care:**  By entering

11   into the Transaction, Defendant VT owed Plaintiff a duty of care to carry out

12   the Transaction in a reasonable and ordinarily prudent manner such that

13   performance under the Agreement would continue unimpeded.

14       149.   **Defendant VT Breached that Duty:**  Defendant VT breached

15   its duty of care to Plaintiff by entering into the risky and inconclusive

16   Transaction.

17       150.   **Defendant VT was the Proximate Cause and Cause in Fact:**

18   It was foreseeable that by entering into the risky and inconclusive

19                    Page 48 of 200

20             COMPLAINT FOR BREACH OF CONTRACT, ETC.

Transaction, Defendant VT would breach its duty of care to Plaintiff.  But for Defendant VT entering into the Transaction, Defendant VT would not have breached its duty of care to Plaintiff.

151.  **Plaintiff's Damages:**  Plaintiff has suffered substantial damages as a result of Defendant VT's breach of its duty of care to Plaintiff.

**THIRTY-FIFTH CAUSE OF ACTION: GROSS NEGLIGENCE**

**As against Defendant VT:**

152.  Plaintiff reasserts and re-alleges the points of the Thirty-Fourth Cause of Action.

153.  Additionally, Defendant VT breached its duty of care to Plaintiff by entering into the risky and inconclusive Transaction in a manner evidencing an extreme departure from the ordinary standard of conduct.

**THIRTY-SIXTH CAUSE OF ACTION: TORTIOUS**

**INTERFERENCE WITH CONTRACT**

**As against Defendant VT:**

154.  **Plaintiff's Valid Contract:** The Agreement is a valid contract between Plaintiff and Defendant RFSS.

155.  **Defendant VT Knew About Contract:** Defendant VT knew

Page 49 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   that Defendant RFSS had a non-assignable contract with Plaintiff.  It was

2   reasonable for Defendant VT to know about the approximately two million

3   U.S. Dollars ($2,000,000.00) Agreement at the time it entered into the

4   Transaction with Defendant RFSS.

5       156.  **Defendant VT Intentionally Induced Breach:** Defendant VT

6   induced Defendant RFSS to assign the Agreement to Defendant VT in the

7   Transaction in violation of the Agreement's anti-assignment clause.

8   Defendant VT further induced Defendant RFSS to breach its performance

9   under the Agreement by causing Defendant RFSS to be unable to perform

10   under the Agreement after the Transaction close due to Defendant VT

11   forcibly shutting down the Defendant RFSS facility.  Furthermore,

12   Defendant VT has taken the CRS and the Add-Ons for itself, preventing

13   Defendant RFSS from delivering them to Plaintiff.  Therefore, Defendant

14   VT intentionally induced Defendant RFSS to breach the anti-assignment

15   clause of the Agreement and to breach its performance under the Agreement,

16   causing resulting damage to Plaintiff.

17       157.  **Actual Breach of Contract:** Defendant RFSS refuses to

18   perform under the Agreement, as a result of Defendant VT's tortious

19                      Page 50 of 200

20          COMPLAINT FOR BREACH OF CONTRACT, ETC.

interference with Plaintiff's contract with Defendant RFSS.

158.   **Plaintiff's Damages:** Plaintiff is damaged as a result of the breach of contract, induced by Defendant VT.

**THIRTY-SEVENTH CAUSE OF ACTION: BREACH OF CONTRACT**

**As against Defendant VT as the alter ego of Defendant VSX:**

159.   Plaintiff reasserts and re-alleges the points of the Twenty-Fifth Cause of Action.

160.   At all relevant times, Defendant VT was the alter ego of Defendant VSX and the alleged actions of Defendant VSX were really Defendant VT's actions.  At all relevant times, Defendant VT dominated Defendant VSX, Defendant VSX had inadequate capital and assets, and Defendant VSX was used by Defendant VT as a device to avoid entity-level liability.  Unless this Court pierces the corporate veil of Defendant VSX, an inequitable result will obtain, namely, Defendant VT will itself profit from its material breach of contract without incurring any of the liabilities.

161.   Defendant VT as the alter ego of Defendant VSX has failed to perform under the Agreement and thus materially breached the Agreement,

Page 51 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  as outlined above.

2  **THIRTY-EIGHTH CAUSE OF ACTION: CONVERSION**

3  **As against Defendant VT as the alter ego of Defendant VSX:**

4  162.   Plaintiff reasserts and re-alleges the points of the Twenty-Sixth

5  Cause of Action.

6  163.   At all relevant times, Defendant VT was the alter ego of

7  Defendant VSX and the alleged actions of Defendant VSX were really

8  Defendant VT's actions.  At all relevant times, Defendant VT dominated

9  Defendant VSX, Defendant VSX had inadequate capital and assets, and

10  Defendant VSX was used by Defendant VT as a device to avoid entity-level

11  liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

12  inequitable result will obtain, namely, Defendant VT will itself profit from

13  its acts of conversion without incurring any of the liabilities.

14  164.   Defendant VT as the alter ego of Defendant VSX converted the

15  CRS and the Add-Ons away from Plaintiff by refusing to deliver them to

16  their rightful owner, Plaintiff.

17  165.   Defendant VT as the alter ego of Defendant VSX converted

18  Plaintiff's cash payment for the CRS and the Add-Ons by retaining

19  Page 52 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Plaintiff's cash payment and the CRS and the Add-Ons without delivering to

2   Plaintiff the promised CRS and the Add-Ons.

3   **THIRTY-NINTH CAUSE OF ACTION: FRAUD**

4   **As against Defendant VT as the alter ego of Defendant VSX:**

5   166.   Plaintiff reasserts and re-alleges the points of the Twenty-

6   Seventh Cause of Action.

7   167.   At all relevant times, Defendant VT was the alter ego of

8   Defendant VSX and the alleged actions of Defendant VSX were really

9   Defendant VT's actions.  At all relevant times, Defendant VT dominated

10  Defendant VSX, Defendant VSX had inadequate capital and assets, and

11  Defendant VSX was used by Defendant VT as a device to avoid entity-level

12  liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

13  inequitable result will obtain, namely, Defendant VT will itself profit from

14  its acts of fraud without incurring any of the liabilities.

15  168.   Defendant VT as the alter ego of Defendant VSX defrauded

16  Plaintiff by knowingly and intentionally inducing Plaintiff to pay Defendant

17  RFSS funds without providing the promised CRS and the Add-Ons.

18  169.   Defendant VT as the alter ego of Defendant VSX further

19  Page 53 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   defrauded Plaintiff by knowingly and intentionally retaining Plaintiff's

2   money and taking the CRS and the Add-Ons for the benefit of Defendant

3   VSX, Defendant VT or both, or any of their affiliates.

4   **FORTIETH CAUSE OF ACTION: NEGLIGENCE**

5   **As against Defendant VT as the alter ego of Defendant VSX:**

6   170.   Plaintiff reasserts and re-alleges the points of the Twenty-

7   Eighth Cause of Action.

8   171.   At all relevant times, Defendant VT was the alter ego of

9   Defendant VSX and the alleged actions of Defendant VSX were really

10   Defendant VT's actions.  At all relevant times, Defendant VT dominated

11   Defendant VSX, Defendant VSX had inadequate capital and assets, and

12   Defendant VSX was used by Defendant VT as a device to avoid entity-level

13   liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

14   inequitable result will obtain, namely, Defendant VT will itself profit from

15   its negligent acts without incurring any of the liabilities.

16   172.   Defendant VT as the alter ego of Defendant VSX breached its

17   duty of care to Plaintiff by entering into the risky and inconclusive

18   Transaction.

19   Page 54 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1

**FORTY-FIRST CAUSE OF ACTION: GROSS NEGLIGENCE**

2

**As against Defendant VT as the alter ego of Defendant VSX:**

3

173.   Plaintiff reasserts and re-alleges the points of the Twenty-Ninth

4

Cause of Action.

5

174.   At all relevant times, Defendant VT was the alter ego of

6

Defendant VSX and the alleged actions of Defendant VSX were really

7

Defendant VT's actions.  At all relevant times, Defendant VT dominated

8

Defendant VSX, Defendant VSX had inadequate capital and assets, and

9

Defendant VSX was used by Defendant VT as a device to avoid entity-level

10

liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

11

inequitable result will obtain, namely, Defendant VT will itself profit from

12

its grossly negligent acts without incurring any of the liabilities.

13

175.   Defendant VT as the alter ego of Defendant VSX breached its

14

duty of care to Plaintiff by entering into the risky and inconclusive

15

Transaction in a manner evidencing an extreme departure from the ordinary

16

standard of conduct.

17

**FORTY-SECOND CAUSE OF ACTION: TORTIOUS**

18

**INTERFERENCE WITH CONTRACT**

19

Page 55 of 200

20

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1       **As against Defendant VT as the alter ego of Defendant VSX:**

2       176.   Plaintiff reasserts and re-alleges the points of the Thirtieth

3   Cause of Action.

4       177.    At all relevant times, Defendant VT was the alter ego of

5   Defendant VSX and the alleged actions of Defendant VSX were really

6   Defendant VT's actions.  At all relevant times, Defendant VT dominated

7   Defendant VSX, Defendant VSX had inadequate capital and assets, and

8   Defendant VSX was used by Defendant VT as a device to avoid entity-level

9   liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

10  inequitable result will obtain, namely, Defendant VT will itself profit from

11  its tortious interference with contract without incurring any of the liabilities.

12      178.   Defendant VT as the alter ego of Defendant VSX interfered

13  with the Agreement by precluding Defendant RFSS from performing under

14  the Agreement.

15      **FORTY-THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

16      **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

17      179.   Plaintiff reasserts and re-alleges the points of the Twenty-Fifth

18  Cause of Action.

19                          Page 56 of 200

20                  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    180.   At all relevant times, Defendant Mr. Karamooz was the alter

2    ego of Defendant VSX and the alleged actions of Defendant VSX were

3    really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

4    Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

5    capital and assets, and Defendant VSX was used by Defendant Mr.

6    Karamooz as a device to avoid individual liability.  Unless this Court pierces

7    the corporate veil of Defendant VSX, an inequitable result will obtain,

8    namely, Defendant Mr. Karamooz will personally profit from his material

9    breach of contract without incurring any of the liabilities.

10    181.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

11    has failed to perform under the Agreement and thus materially breached the

12    Agreement, as outlined above.

13    **FORTY-FOURTH CAUSE OF ACTION: CONVERSION**

14    **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

15    182.   Plaintiff reasserts and re-alleges the points of the Twenty-Sixth

16    Cause of Action.

17    183.   At all relevant times, Defendant Mr. Karamooz was the alter

18    ego of Defendant VSX and the alleged actions of Defendant VSX were

19    Page 57 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

2  Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

3  capital and assets, and Defendant VSX was used by Defendant Mr.

4  Karamooz as a device to avoid individual liability.  Unless this Court pierces

5  the corporate veil of Defendant VSX, an inequitable result will obtain,

6  namely, Defendant Mr. Karamooz will personally profit from his acts of

7  conversion without incurring any of the liabilities.

8      184.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

9  converted the CRS and the Add-Ons away from Plaintiff by refusing to

10  deliver them to their rightful owner, Plaintiff.

11      185.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

12  converted Plaintiff's cash payment for the CRS and the Add-Ons by

13  retaining Plaintiff's cash payment and the CRS and the Add-Ons without

14  delivering to Plaintiff the promised CRS and the Add-Ons.

15  **FORTY-FIFTH CAUSE OF ACTION: FRAUD**

16  **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

17      186.   Plaintiff reasserts and re-alleges the points of the Twenty-

18  Seventh Cause of Action.

19  Page 58 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    187.   At all relevant times, Defendant Mr. Karamooz was the alter

2    ego of Defendant VSX and the alleged actions of Defendant VSX were

3    really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

4    Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

5    capital and assets, and Defendant VSX was used by Defendant Mr.

6    Karamooz as a device to avoid individual liability.  Unless this Court pierces

7    the corporate veil of Defendant VSX, an inequitable result will obtain,

8    namely, Defendant Mr. Karamooz will personally profit from his acts of

9    fraud without incurring any of the liabilities.

10    188.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

11    defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay

12    Defendant RFSS funds without providing the promised CRS and the Add-

13    Ons.

14    189.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

15    further defrauded Plaintiff by knowingly and intentionally retaining

16    Plaintiff's money and taking the CRS and the Add-Ons for the benefit of

17    Defendant VSX, Defendant VT or both, or any of their affiliates.

18    **FORTY-SIXTH CAUSE OF ACTION: NEGLIGENCE**

19    Page 59 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

2       190.   Plaintiff reasserts and re-alleges the points of the Twenty-

3    Eighth Cause of Action.

4       191.   At all relevant times, Defendant Mr. Karamooz was the alter

5    ego of Defendant VSX and the alleged actions of Defendant VSX were

6    really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

7    Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

8    capital and assets, and Defendant VSX was used by Defendant Mr.

9    Karamooz as a device to avoid individual liability.  Unless this Court pierces

10   the corporate veil of Defendant VSX, an inequitable result will obtain,

11   namely, Defendant Mr. Karamooz will personally profit from his negligent

12   acts without incurring any of the liabilities.

13      192.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

14   breached his duty of care to Plaintiff by entering into the risky and

15   inconclusive Transaction.

16   **FORTY-SEVENTH CAUSE OF ACTION: GROSS NEGLIGENCE**

17   **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

18      193.   Plaintiff reasserts and re-alleges the points of the Twenty-Ninth

19                              Page 60 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Cause of Action.

2       194.   At all relevant times, Defendant Mr. Karamooz was the alter

3   ego of Defendant VSX and the alleged actions of Defendant VSX were

4   really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

5   Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

6   capital and assets, and Defendant VSX was used by Defendant Mr.

7   Karamooz as a device to avoid individual liability.  Unless this Court pierces

8   the corporate veil of Defendant VSX, an inequitable result will obtain,

9   namely, Defendant Mr. Karamooz will personally profit from his grossly

10  negligent acts without incurring any of the liabilities.

11      195.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

12  breached his duty of care to Plaintiff by entering into the risky and

13  inconclusive Transaction in a manner evidencing an extreme departure from

14  the ordinary standard of conduct.

15              **FORTY-EIGHTH CAUSE OF ACTION: TORTIOUS**

16                      **INTERFERENCE WITH CONTRACT**

17  **As against Defendant Mr. Karamooz as the alter ego of Defendant VSX:**

18      196.   Plaintiff reasserts and re-alleges the points of the Thirtieth

19                              Page 61 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Cause of Action.

2          197.   At all relevant times, Defendant Mr. Karamooz was the alter

3    ego of Defendant VSX and the alleged actions of Defendant VSX were

4    really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant

5    Mr. Karamooz dominated Defendant VSX, Defendant VSX had inadequate

6    capital and assets, and Defendant VSX was used by Defendant Mr.

7    Karamooz as a device to avoid individual liability.  Unless this Court pierces

8    the corporate veil of Defendant VSX, an inequitable result will obtain,

9    namely, Defendant Mr. Karamooz will personally profit from his tortious

10   interference with contract without incurring any of the liabilities.

11         198.   Defendant Mr. Karamooz as the alter ego of Defendant VSX

12   interfered with the Agreement by precluding Defendant RFSS from

13   performing under the Agreement.

14   **FORTY-NINTH CAUSE OF ACTION: BREACH OF CONTRACT**

15   **As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

16         199.   Plaintiff reasserts and re-alleges the points of the Thirty-First

17   Cause of Action.

18         200.   At all relevant times, Defendant Mr. Karamooz was the alter

19                         Page 62 of 200

20            COMPLAINT FOR BREACH OF CONTRACT, ETC.

ego of Defendant VT and the alleged actions of Defendant VT were really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr. Karamooz dominated Defendant VT, Defendant VT had inadequate capital and assets, and Defendant VT was used by Defendant Mr. Karamooz as a device to avoid individual liability.  Unless this Court pierces the corporate veil of Defendant VT, an inequitable result will obtain, namely, Defendant Mr. Karamooz will personally profit from his material breach of contract without incurring any of the liabilities.

201.   Defendant Mr. Karamooz as the alter ego of Defendant VT has failed to perform under the Agreement and thus materially breached the Agreement, as outlined above.

## FIFTIETH CAUSE OF ACTION: CONVERSION

**As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

202.   Plaintiff reasserts and re-alleges the points of the Thirty-Second Cause of Action.

203.    At all relevant times, Defendant Mr. Karamooz was the alter ego of Defendant VT and the alleged actions of Defendant VT were really Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr.

Page 63 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  Karamooz dominated Defendant VT, Defendant VT had inadequate capital

2  and assets, and Defendant VT was used by Defendant Mr. Karamooz as a

3  device to avoid individual liability.  Unless this Court pierces the corporate

4  veil of Defendant VT, an inequitable result will obtain, namely, Defendant

5  Mr. Karamooz will personally profit from his acts of conversion without

6  incurring any of the liabilities.

7       204.   Defendant Mr. Karamooz as the alter ego of Defendant VT

8  converted the CRS and the Add-Ons away from Plaintiff by refusing to

9  deliver them to their rightful owner, Plaintiff.

10      205.   Defendant Mr. Karamooz as the alter ego of Defendant VT

11  converted Plaintiff's cash payment for the CRS and the Add-Ons by

12  retaining Plaintiff's cash payment and the CRS and the Add-Ons without

13  delivering to Plaintiff the promised CRS and the Add-Ons.

14                **FIFTY-FIRST CAUSE OF ACTION: FRAUD**

15  **As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

16      206.   Plaintiff reasserts and re-alleges the points of the Thirty-Third

17  Cause of Action.

18      207.    At all relevant times, Defendant Mr. Karamooz was the alter

19                           Page 64 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    ego of Defendant VT and the alleged actions of Defendant VT were really

2    Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr.

3    Karamooz dominated Defendant VT, Defendant VT had inadequate capital

4    and assets, and Defendant VT was used by Defendant Mr. Karamooz as a

5    device to avoid individual liability.  Unless this Court pierces the corporate

6    veil of Defendant VT, an inequitable result will obtain, namely, Defendant

7    Mr. Karamooz will personally profit from his acts of fraud without incurring

8    any of the liabilities.

9           208.   Defendant Mr. Karamooz as the alter ego of Defendant VT

10   defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay

11   Defendant RFSS funds without providing the promised CRS and the Add-

12   Ons.

13          209.   Defendant Mr. Karamooz as the alter ego of Defendant VT

14   further defrauded Plaintiff by knowingly and intentionally retaining

15   Plaintiff's money and taking the CRS and the Add-Ons for the benefit of

16   Defendant VSX, Defendant VT or both, or any of their affiliates.

17          **FIFTY-SECOND CAUSE OF ACTION: NEGLIGENCE**

18   **As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

19                         Page 65 of 200

20             COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    210.   Plaintiff reasserts and re-alleges the points of the Thirty-Fourth

2    Cause of Action.

3    211.   At all relevant times, Defendant Mr. Karamooz was the alter

4    ego of Defendant VT and the alleged actions of Defendant VT were really

5    Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr.

6    Karamooz dominated Defendant VT, Defendant VT had inadequate capital

7    and assets, and Defendant VT was used by Defendant Mr. Karamooz as a

8    device to avoid individual liability.  Unless this Court pierces the corporate

9    veil of Defendant VT, an inequitable result will obtain, namely, Defendant

10   Mr. Karamooz will personally profit from his negligent acts without

11   incurring any of the liabilities.

12   212.   Defendant Mr. Karamooz as the alter ego of Defendant VT

13   breached his duty of care to Plaintiff by entering into the risky and

14   inconclusive Transaction.

15   **FIFTY-THIRD CAUSE OF ACTION: GROSS NEGLIGENCE**

16   **As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

17   213.   Plaintiff reasserts and re-alleges the points of the Thirty-Fifth

18   Cause of Action.

19                          Page 66 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    214.   At all relevant times, Defendant Mr. Karamooz was the alter

2  ego of Defendant VT and the alleged actions of Defendant VT were really

3  Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr.

4  Karamooz dominated Defendant VT, Defendant VT had inadequate capital

5  and assets, and Defendant VT was used by Defendant Mr. Karamooz as a

6  device to avoid individual liability.  Unless this Court pierces the corporate

7  veil of Defendant VT, an inequitable result will obtain, namely, Defendant

8  Mr. Karamooz will personally profit from his grossly negligent acts without

9  incurring any of the liabilities.

10    215.   Defendant Mr. Karamooz as the alter ego of Defendant VT

11  breached his duty of care to Plaintiff by entering into the risky and

12  inconclusive Transaction in a manner evidencing an extreme departure from

13  the ordinary standard of conduct.

14    **FIFTY-FOURTH CAUSE OF ACTION: TORTIOUS**

15    **INTERFERENCE WITH CONTRACT**

16  **As against Defendant Mr. Karamooz as the alter ego of Defendant VT:**

17    216.   Plaintiff reasserts and re-alleges the points of the Thirty-Sixth

18  Cause of Action.

19    Page 67 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    217.   At all relevant times, Defendant Mr. Karamooz was the alter

2    ego of Defendant VT and the alleged actions of Defendant VT were really

3    Defendant Mr. Karamooz's actions.  At all relevant times, Defendant Mr.

4    Karamooz dominated Defendant VT, Defendant VT had inadequate capital

5    and assets, and Defendant VT was used by Defendant Mr. Karamooz as a

6    device to avoid individual liability.  Unless this Court pierces the corporate

7    veil of Defendant VT, an inequitable result will obtain, namely, Defendant

8    Mr. Karamooz will personally profit from his tortious interference with

9    contract without incurring any of the liabilities.

10    218.   Defendant Mr. Karamooz as the alter ego of Defendant VT

11    interfered with the Agreement by precluding Defendant RFSS from

12    performing under the Agreement.

13    **FIFTY-FIFTH CAUSE OF ACTION: BREACH OF CONTRACT**

14    **As against Defendants "all directors and officers of Defendant VSX":**

15    219.   Plaintiff reasserts and re-alleges the points of the Twenty-Fifth

16    Cause of Action.

17    220.   At all relevant times, Defendants "all directors and officers of

18    VSX" had the authority to perform under the Agreement.

19    Page 68 of 200

20    COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    221.   Defendants "all directors and officers of Defendant VSX" failed

2    to perform under the Agreement and thus materially breached the

3    Agreement, as outlined above.

4    **FIFTY-SIXTH CAUSE OF ACTION: CONVERSION**

5    **As against Defendants "all directors and officers of Defendant VSX":**

6    222.   Plaintiff reasserts and re-alleges the points of the Twenty-Sixth

7    Cause of Action.

8    223.   At all relevant times, Defendants "all directors and officers of

9    Defendant VSX" had the authority not to convert the CRS and the Add-Ons

10   away from Plaintiff.

11   224.   Defendants "all directors and officers of Defendant VSX"

12   converted the CRS and the Add-Ons away from Plaintiff by refusing to

13   deliver them to their rightful owner, Plaintiff.

14   225.   Defendants "all directors and officers of Defendant VSX"

15   converted Plaintiff's cash payment for the CRS and the Add-Ons by

16   retaining Plaintiff's cash payment and the CRS and the Add-Ons without

17   delivering to Plaintiff the promised CRS and the Add-Ons.

18   **FIFTY-SEVENTH CAUSE OF ACTION: FRAUD**

19   Page 69 of 200

20   COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   **As against Defendants "all directors and officers of Defendant VSX":**

2        226.   Plaintiff reasserts and re-alleges the points of the Twenty-

3   Seventh Cause of Action.

4        227.   At all relevant times, Defendants "all directors and officers of

5   Defendant VSX" had the authority to prevent fraud upon Plaintiff.

6        228.   Defendants "all directors and officers of Defendant VSX"

7   defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay

8   Defendant RFSS funds without providing the promised CRS and the Add-

9   Ons.

10        229.   Defendants "all directors and officers of Defendant VSX"

11   further defrauded Plaintiff by knowingly and intentionally retaining

12   Plaintiff's money and taking the CRS and the Add-Ons for the benefit of

13   Defendant VSX, Defendant VT or both, or any of their affiliates.

14        **FIFTY-EIGHTH CAUSE OF ACTION: NEGLIGENCE**

15   **As against Defendants "all directors and officers of Defendant VSX":**

16        230.   Plaintiff reasserts and re-alleges the points of the Twenty-

17   Eighth Cause of Action.

18        231.   At all relevant times, Defendants "all directors and officers of

19                          Page 70 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  Defendant VSX" had the authority to prevent negligent behavior towards

2  Plaintiff.

3        232.   Defendants "all directors and officers of Defendant VSX"

4  breached their duties of care to Plaintiff by entering into the risky and

5  inconclusive Transaction.

6  **FIFTY-NINTH CAUSE OF ACTION: GROSS NEGLIGENCE**

7  **As against Defendants "all directors and officers of Defendant VSX":**

8        233.   Plaintiff reasserts and re-alleges the points of the Twenty-Ninth

9  Cause of Action.

10        234.   At all relevant times, Defendants "all directors and officers of

11  Defendant VSX" had the authority to prevent grossly negligent behavior

12  towards Plaintiff.

13        235.   Defendants "all directors and officers of Defendant VSX"

14  breached their duties of care to Plaintiff by entering into the risky and

15  inconclusive Transaction in a manner evidencing an extreme departure from

16  the ordinary standard of conduct.

17  **SIXTIETH CAUSE OF ACTION: TORTIOUS INTERFERENCE**

18  **WITH CONTRACT**

19  Page 71 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    **As against Defendants "all directors and officers of Defendant VSX":**

2        236.   Plaintiff reasserts and re-alleges the points of the Thirtieth

3    Cause of Action.

4        237.   At all relevant times, Defendants "all directors and officers of

5    Defendant VSX" had the authority not to interfere with the Agreement.

6        238.   Defendants "all directors and officers of VSX" interfered with

7    the Agreement by precluding Defendant RFSS from performing under the

8    Agreement.

9        **SIXTY-FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

10   **As against Defendants "all shareholders of Defendant VSX" as the alter**

11   **egos of Defendant VSX:**

12       239.   Plaintiff reasserts and re-alleges the points of the Twenty-Fifth

13   Cause of Action.

14       240.   At all relevant times, Defendants "all shareholders of Defendant

15   VSX" were the alter egos of Defendant VSX and the alleged actions of

16   Defendant VSX were really the actions of Defendants "all shareholders of

17   Defendant VSX."  At all relevant times, Defendants "all shareholders of

18   Defendant VSX" dominated Defendant VSX, Defendant VSX had

19                    Page 72 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

inadequate capital and assets, and Defendant VSX was used by Defendants "all shareholders of Defendant VSX" as a device to avoid individual liability.  Unless this Court pierces the corporate veil of Defendant VSX, an inequitable result will obtain, namely, Defendants "all shareholders of Defendant VSX" will themselves profit from their material breach of contract without incurring any of the liabilities.

241.   Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX have failed to perform under the Agreement and thus materially breached the Agreement, as outlined above.

**SIXTY-SECOND CAUSE OF ACTION: CONVERSION**

**As against Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX:**

242.   Plaintiff reasserts and re-alleges the points of the Twenty-Sixth Cause of Action.

243.   At all relevant times, Defendants "all shareholders of Defendant VSX" were the alter egos of Defendant VSX and the alleged actions of Defendant VSX were really the actions of Defendants "all shareholders of Defendant VSX."  At all relevant times, Defendants "all shareholders of

Page 73 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Defendant VSX" dominated Defendant VSX, Defendant VSX had

2   inadequate capital and assets, and Defendant VSX was used by Defendants

3   "all shareholders of Defendant VSX" as a device to avoid individual

4   liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

5   inequitable result will obtain, namely, Defendants "all shareholders of

6   Defendant VSX" will themselves profit from their acts of conversion

7   without incurring any of the liabilities.

8       244.   Defendants "all shareholders of Defendant VSX" as the alter

9   egos of Defendant VSX converted the CRS and the Add-Ons away from

10  Plaintiff by refusing to deliver them to their rightful owner, Plaintiff.

11      245.   Defendants "all shareholders of Defendant VSX" as the alter

12  egos of Defendant VSX converted Plaintiff's cash payment for the CRS and

13  the Add-Ons by retaining Plaintiff's cash payment and the CRS and the

14  Add-Ons without delivering to Plaintiff the promised CRS and the Add-Ons.

15  **SIXTY-THIRD CAUSE OF ACTION: FRAUD**

16  **As against Defendants "all shareholders of Defendant VSX" as the alter**

17  **egos of Defendant VSX:**

18      246.   Plaintiff reasserts and re-alleges the points of the Twenty-

19  Page 74 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

Seventh Cause of Action.

247.   At all relevant times, Defendants "all shareholders of Defendant VSX" were the alter egos of Defendant VSX and the alleged actions of Defendant VSX were really the actions of Defendants "all shareholders of Defendant VSX."  At all relevant times, Defendants "all shareholders of Defendant VSX" dominated Defendant VSX, Defendant VSX had inadequate capital and assets, and Defendant VSX was used by Defendants "all shareholders of Defendant VSX" as a device to avoid individual liability.  Unless this Court pierces the corporate veil of Defendant VSX, an inequitable result will obtain, namely, Defendants "all shareholders of Defendant VSX" will themselves profit from their acts of fraud without incurring any of the liabilities.

248.   Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay Defendant RFSS funds without providing the promised CRS and the Add-Ons.

249.   Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX further defrauded Plaintiff by knowingly and

Page 75 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    intentionally retaining Plaintiff's money and taking the CRS and the Add-

2    Ons for the benefit of Defendant VSX, Defendant VT or both, or any of their

3    affiliates.

4                **SIXTY-FOURTH CAUSE OF ACTION: NEGLIGENCE**

5    **As against Defendants "all shareholders of Defendant VSX" as the alter**

6                         **egos of Defendant VSX:**

7         250.   Plaintiff reasserts and re-alleges the points of the Twenty-

8    Eighth Cause of Action.

9         251.   At all relevant times, Defendants "all shareholders of Defendant

10   VSX" were the alter egos of Defendant VSX and the alleged actions of

11   Defendant VSX were really the actions of Defendants "all shareholders of

12   Defendant VSX."  At all relevant times, Defendants "all shareholders of

13   Defendant VSX" dominated Defendant VSX, Defendant VSX had

14   inadequate capital and assets, and Defendant VSX was used by Defendants

15   "all shareholders of Defendant VSX" as a device to avoid individual

16   liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

17   inequitable result will obtain, namely, Defendants "all shareholders of

18   Defendant VSX" will themselves profit from their negligent acts without

19                              Page 76 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

incurring any of the liabilities.

252.   Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX breached their duties of care to Plaintiff by entering into the risky and inconclusive Transaction.

**SIXTY-FIFTH CAUSE OF ACTION: GROSS NEGLIGENCE**

**As against Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX:**

253.   Plaintiff reasserts and re-alleges the points of the Twenty-Ninth Cause of Action.

254.   At all relevant times, Defendants "all shareholders of Defendant VSX" were the alter egos of Defendant VSX and the alleged actions of Defendant VSX were really the actions of Defendants "all shareholders of Defendant VSX."  At all relevant times, Defendants "all shareholders of Defendant VSX" dominated Defendant VSX, Defendant VSX had inadequate capital and assets, and Defendant VSX was used by Defendants "all shareholders of Defendant VSX" as a device to avoid individual liability.  Unless this Court pierces the corporate veil of Defendant VSX, an inequitable result will obtain, namely, Defendants "all shareholders of

Page 77 of 200

1  Defendant VSX" will themselves profit from their grossly negligent acts

2  without incurring any of the liabilities.

3     255.   Defendants "all shareholders of Defendant VSX" as the alter

4  egos of Defendant VSX breached their duties of care to Plaintiff by entering

5  into the risky and inconclusive Transaction in a manner evidencing an

6  extreme departure from the ordinary standard of conduct.

7  **SIXTY-SIXTH CAUSE OF ACTION: TORTIOUS INTERFERENCE**

8  **WITH CONTRACT**

9  **As against Defendants "all shareholders of Defendant VSX" as the alter**

10  **egos of Defendant VSX:**

11     256.   Plaintiff reasserts and re-alleges the points of the Thirtieth

12  Cause of Action.

13     257.   At all relevant times, Defendants "all shareholders of Defendant

14  VSX" were the alter egos of Defendant VSX and the alleged actions of

15  Defendant VSX were really the actions of Defendants "all shareholders of

16  Defendant VSX."  At all relevant times, Defendants "all shareholders of

17  Defendant VSX" dominated Defendant VSX, Defendant VSX had

18  inadequate capital and assets, and Defendant VSX was used by Defendants

19  Page 78 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    "all shareholders of Defendant VSX" as a device to avoid individual

2    liability.  Unless this Court pierces the corporate veil of Defendant VSX, an

3    inequitable result will obtain, namely, Defendants "all shareholders of

4    Defendant VSX" will themselves profit from their tortious interference with

5    contract without incurring any of the liabilities.

6         258.   Defendants "all shareholders of Defendant VSX" as the alter

7    egos of Defendant VSX interfered with the Agreement by precluding

8    Defendant RFSS from performing under the Agreement.

9    **SIXTY-SEVENTH CAUSE OF ACTION: BREACH OF CONTRACT**

10        **As against Defendants "all directors and officers of Defendant VT":**

11        259.   Plaintiff reasserts and re-alleges the points of the Thirty-First

12   Cause of Action.

13        260.   At all relevant times, Defendants "all directors and officers of

14   Defendant VT" had the authority to perform under the Agreement.

15        261.   Defendants "all directors and officers of Defendant VT" failed

16   to perform under the Agreement and thus materially breached the

17   Agreement, as outlined above.

18        **SIXTY-EIGHTH CAUSE OF ACTION: CONVERSION**

19                             Page 79 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

**As against Defendants "all directors and officers of Defendant VT":**

262.   Plaintiff reasserts and re-alleges the points of the Thirty-Second Cause of Action.

263.   At all relevant times, Defendants "all directors and officers of Defendant VT" had the authority not to  convert the CRS and the Add-Ons away from Plaintiff.

264.   Defendants "all directors and officers of Defendant VT" converted the CRS and the Add-Ons away from Plaintiff by refusing to deliver them to their rightful owner, Plaintiff.

265.   Defendants "all directors and officers of Defendant VT" converted Plaintiff's cash payment for the CRS and the Add-Ons by retaining Plaintiff's cash payment and the CRS and the Add-Ons without delivering to Plaintiff the promised CRS and the Add-Ons.

**SIXTY-NINTH CAUSE OF ACTION: FRAUD**

**As against Defendants "all directors and officers of Defendant VT":**

266.   Plaintiff reasserts and re-alleges the points of the Thirty-Third Cause of Action.

267.   At all relevant times, Defendants "all directors and officers of

Page 80 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  Defendant VT" had the authority to prevent fraud upon Plaintiff.

2       268.  Defendants "all directors and officers of Defendant VT"

3  defrauded Plaintiff by knowingly and intentionally inducing Plaintiff to pay

4  Defendant RFSS funds without providing the promised CRS and the Add-

5  Ons.

6       269.  Defendants "all directors and officers of Defendant VT" further

7  defrauded Plaintiff by knowingly and intentionally retaining Plaintiff's

8  money and taking the CRS and the Add-Ons for the benefit of Defendant

9  VT, Defendant VSX or both, or any of their affiliates.

10            **SEVENTIETH CAUSE OF ACTION: NEGLIGENCE**

11     **As against Defendants "all directors and officers of Defendant VT":**

12       270.  Plaintiff reasserts and re-alleges the points of the Thirty-Fourth

13  Cause of Action.

14       271.  At all relevant times, Defendants "all directors and officers of

15  Defendant VT" had the authority to prevent negligent behavior towards

16  Plaintiff.

17       272.  Defendants "all directors and officers of Defendant VT"

18  breached their duties of care to Plaintiff by entering into the risky and

19                 Page 81 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    inconclusive Transaction.

2        **SEVENTY-FIRST CAUSE OF ACTION: GROSS NEGLIGENCE**

3        **As against Defendants "all directors and officers of Defendant VT":**

4        273.   Plaintiff reasserts and re-alleges the points of the Thirty-Fifth

5    Cause of Action.

6        274.   At all relevant times, Defendants "all directors and officers of

7    Defendant VT" had the authority to prevent grossly negligent behavior

8    towards Plaintiff.

9        275.   Defendants "all directors and officers of Defendant VT"

10   breached their duties of care to Plaintiff by entering into the risky and

11   inconclusive Transaction in a manner evidencing an extreme departure from

12   the ordinary standard of conduct.

13       **SEVENTY-SECOND CAUSE OF ACTION: TORTIOUS**

14                 **INTERFERENCE WITH CONTRACT**

15       **As against Defendants "all directors and officers of Defendant VT":**

16       276.   Plaintiff reasserts and re-alleges the points of the Thirty-Sixth

17   Cause of Action.

18       277.   At all relevant times, Defendants "all directors and officers of

19                          Page 82 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   Defendant VT" had the authority not to interfere with the Agreement.

2      278.  Defendants "all directors and officers of VT" interfered with the

3   Agreement by precluding Defendant RFSS from performing under the

4   Agreement.

5   **SEVENTY-THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

6   **As against Defendants "all shareholders of Defendant VT" as the alter**

7   **egos of Defendant VT:**

8      279.  Plaintiff reasserts and re-alleges the points of the Thirty-First

9   Cause of Action.

10      280.  At all relevant times, Defendants "all shareholders of Defendant

11   VT" were the alter egos of Defendant VT and the alleged actions of

12   Defendant VT were really the actions of Defendants "all shareholders of

13   Defendant VT."  At all relevant times, Defendants "all shareholders of

14   Defendant VT" dominated Defendant VT, Defendant VT had inadequate

15   capital and assets, and Defendant VT was used by Defendants "all

16   shareholders of Defendant VT" as a device to avoid individual liability.

17   Unless this Court pierces the corporate veil of Defendant VT, an inequitable

18   result will obtain, namely, Defendants "all shareholders of Defendant VT"

19                   Page 83 of 200

20         COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  will personally profit from their material breach of contract without

2  incurring any of the liabilities.

3       281.   Defendants "all shareholders of Defendant VT" as the alter egos

4  of Defendant VT have failed to perform under the Agreement and thus

5  materially breached the Agreement, as outlined above.

6  **SEVENTY-FOURTH CAUSE OF ACTION: CONVERSION**

7  **As against Defendants "all shareholders of Defendant VT" as the alter**

8  **egos of Defendant VT:**

9       282.   Plaintiff reasserts and re-alleges the points of the Thirty-Second

10  Cause of Action.

11       283.   At all relevant times, Defendants "all shareholders of Defendant

12  VT" were the alter egos of Defendant VT and the alleged actions of

13  Defendant VT were really the actions of Defendants "all shareholders of

14  Defendant VT."  At all relevant times, Defendants "all shareholders of

15  Defendant VT" dominated Defendant VT, Defendant VT had inadequate

16  capital and assets, and Defendant VT was used by Defendants "all

17  shareholders of Defendant VT" as a device to avoid individual liability.

18  Unless this Court pierces the corporate veil of Defendant VT, an inequitable

19  Page 84 of 200

20  COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   result will obtain, namely, Defendants "all shareholders of Defendant VT"

2   will themselves profit from their acts of conversion without incurring any of

3   the liabilities.

4        284.   Defendants "all shareholders of Defendant VT" as the alter egos

5   of Defendant VT converted the CRS and the Add-Ons away from Plaintiff

6   by refusing to deliver them to their rightful owner, Plaintiff.

7        285.   Defendants "all shareholders of Defendant VT" as the alter egos

8   of Defendant VT converted Plaintiff's cash payment for the CRS and the

9   Add-Ons by retaining Plaintiff's cash payment and the CRS and the Add-

10  Ons without delivering to Plaintiff the promised CRS and the Add-Ons.

11           **SEVENTY-FIFTH CAUSE OF ACTION: FRAUD**

12  **As against Defendants "all shareholders of Defendant VT" as the alter**

13                  **egos of Defendant VT:**

14       286.   Plaintiff reasserts and re-alleges the points of the Thirty-Third

15  Cause of Action.

16       287.   At all relevant times, Defendants "all shareholders of

17  Defendant VT" were the alter egos of Defendant VT and the alleged actions

18  of Defendant VT were really the actions of Defendants "all shareholders of

19                     Page 85 of 200

20             COMPLAINT FOR BREACH OF CONTRACT, ETC.

Defendant VT."  At all relevant times, Defendants "all shareholders of

Defendant VT" dominated Defendant VT, Defendant VT had inadequate

capital and assets, and Defendant VT was used by Defendants "all

shareholders of Defendant VT" as a device to avoid individual liability.

Unless this Court pierces the corporate veil of Defendant VT, an inequitable

result will obtain, namely, Defendants "all shareholders of Defendant VT"

will themselves profit from their acts of fraud without incurring any of the

liabilities.

288.   Defendants "all shareholders of Defendant VT" as the alter egos

of Defendant VT defrauded Plaintiff by knowingly and intentionally

inducing Plaintiff to pay Defendant RFSS funds without providing the

promised CRS and the Add-Ons.

289.   Defendants "all shareholders of Defendant VT" as the alter egos

of Defendant VT further defrauded Plaintiff by knowingly and intentionally

retaining Plaintiff's money and taking the CRS and the Add-Ons for the

benefit of Defendant VSX, Defendant VT or both, or any of their affiliates.

**SEVENTY-SIXTH CAUSE OF ACTION: NEGLIGENCE**

**As against Defendants "all shareholders of Defendant VT" as the alter**

Page 86 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

**egos of Defendant VT:**

290.   Plaintiff reasserts and re-alleges the points of the Thirty-Fourth Cause of Action.

291.   At all relevant times, Defendants "all shareholders of Defendant VT" were the alter egos of Defendant VT and the alleged actions of Defendant VT were really the actions of Defendants "all shareholders of Defendant VT."  At all relevant times, Defendants "all shareholders of Defendant VT" dominated Defendant VT, Defendant VT had inadequate capital and assets, and Defendant VT was used by Defendants "all shareholders of Defendant VT" as a device to avoid individual liability. Unless this Court pierces the corporate veil of Defendant VT, an inequitable result will obtain, namely, Defendants "all shareholders of Defendant VT" will themselves profit from their negligent acts without incurring any of the liabilities.

292.   Defendants "all shareholders of Defendant VT" as the alter egos of Defendant VT breached their duties of care to Plaintiff by entering into the risky and inconclusive Transaction.

**SEVENTY-SEVENTH CAUSE OF ACTION: GROSS NEGLIGENCE**

Page 87 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

**As against Defendants "all shareholders of Defendant VT" as the alter**

**egos of Defendant VT:**

293.   Plaintiff reasserts and re-alleges the points of the Thirty-Fifth Cause of Action.

294.   At all relevant times, Defendants "all shareholders of Defendant VT" were the alter egos of Defendant VT and the alleged actions of Defendant VT were really the actions of Defendants "all shareholders of Defendant VT."  At all relevant times, Defendants "all shareholders of Defendant VT" dominated Defendant VT, Defendant VT had inadequate capital and assets, and Defendant VT was used by Defendants "all shareholders of Defendant VT" as a device to avoid individual liability. Unless this Court pierces the corporate veil of Defendant VT, an inequitable result will obtain, namely, Defendants "all shareholders of Defendant VT" will themselves profit from their grossly negligent acts without incurring any of the liabilities.

295.   Defendants "all shareholders of Defendant VT" as the alter egos of Defendant VT breached their duties of care to Plaintiff by entering into the risky and inconclusive Transaction in a manner evidencing an extreme

Page 88 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   departure from the ordinary standard of conduct.

2   **SEVENTY-EIGHTH CAUSE OF ACTION: TORTIOUS**

3   **INTERFERENCE WITH CONTRACT**

4   **As against Defendants "all shareholders of Defendant VT" as the alter**

5   **egos of Defendant VT:**

6        296.   Plaintiff reasserts and re-alleges the points of the Thirty-Sixth

7   Cause of Action.

8        297.   At all relevant times, Defendants "all shareholders of Defendant

9   VT" were the alter egos of Defendant VT and the alleged actions of

10   Defendant VT were really the actions of Defendants "all shareholders of

11   Defendant VT."  At all relevant times, Defendants "all shareholders of

12   Defendant VT" dominated Defendant VT, Defendant VT had inadequate

13   capital and assets, and Defendant VT was used by Defendants "all

14   shareholders of Defendant VT" as a device to avoid individual liability.

15   Unless this Court pierces the corporate veil of Defendant VT, an inequitable

16   result will obtain, namely, Defendants "all shareholders of Defendant VT"

17   will themselves profit from their tortious interference with contract without

18   incurring any of the liabilities.

19                           Page 89 of 200

20               COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    298.   Defendants "all shareholders of Defendant VT" as the alter ego

2    of Defendant VT interfered with the Agreement by precluding Defendant

3    RFSS from performing under the Agreement.

4                                DAMAGES

5    299.   Plaintiff reasserts and re-alleges the points in the foregoing

6    paragraphs.

7    300.   Defendants' material breach of the Agreement, conversion,

8    fraud, negligence, gross negligence and tortious interference with the

9    Agreement have irreparably harmed Plaintiff so that Plaintiff may only be

10   repaired with specific performance prior to August 31, 2016.

11   301.   Defendants' material breach of the Agreement has irreparably

12   harmed Plaintiff so that Plaintiff has suffered expectation damages.

13   302.   Defendants' material breach of the Agreement has irreparably

14   harmed Plaintiff so that Plaintiff has suffered restitution damages.

15   303.   Defendants had actual knowledge or reasonable foreseeability

16   of the German Navy as the third party beneficiary to the Agreement, so that

17   Defendants' material breach of the Agreement has irreparably harmed

18   Plaintiff and caused consequential and incidental damages.

19                            Page 90 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    304.   Defendants' acts of conversion, fraud, negligence, gross

2    negligence and tortious interference with the Agreement have irreparably

3    harmed Plaintiff so that Plaintiff has suffered compensation damages.

4    305.   Defendants' acts of conversion, fraud, gross negligence and

5    tortious interference with the Agreement have irreparably harmed Plaintiff

6    so that Plaintiff has suffered punitive damages.

7    306.   Defendants' material breach of contract and acts of conversion,

8    fraud, negligence, gross negligence and tortious interference have caused

9    Plaintiff to incur significant attorneys' fees.

10                            REQUEST FOR RELIEF

11   Wherefore, Plaintiff requests:

12   307.   Specific performance prior to August 31, 2016, by Defendant

13   RFSS of its obligations under the Agreement.

14   308.   Specific performance prior to August 31, 2016, by Defendant

15   Mr. Damon as the alter ego of Defendant RFSS of his obligations under the

16   Agreement.

17   309.   Specific performance prior to August 31, 2016, by Defendants

18   "all directors and officers of Defendant RFSS" of their obligations under the

19                              Page 91 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Agreement.

2        310.   Specific performance prior to August 31, 2016, by Defendants

3    "all shareholders of Defendant RFSS" as the alter egos of Defendant RFSS

4    of their obligations under the Agreement.

5        311.   Specific performance prior to August 31, 2016, by Defendant

6    VSX of its obligations under the Agreement.

7        312.   Specific performance prior to August 31, 2016, by Defendant

8    VT of its obligations under the Agreement.

9        313.   Specific performance prior to August 31, 2016, by Defendant

10   VT as the alter ego of Defendant VSX of its obligations under the

11   Agreement.

12       314.   Specific performance prior to August 31, 2016, by Defendant

13   Mr. Karamooz as the alter ego of Defendant VSX of his obligations under

14   the Agreement.

15       315.   Specific performance prior to August 31, 2016, by Defendant

16   Mr. Karamooz as the alter ego of Defendant VT of his obligations under the

17   Agreement.

18       316.   Specific performance prior to August 31, 2016, by Defendants

19                          Page 92 of 200

20              COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    "all directors and officers of Defendant VSX" of their obligations under the

2    Agreement.

3        317.   Specific performance prior to August 31, 2016, by Defendants

4    "all shareholders of Defendant VSX" as the alter egos of Defendant VSX of

5    their obligations under the Agreement.

6        318.   Specific performance prior to August 31, 2016, by Defendants

7    "all directors and officers of Defendant VT" of their obligations under the

8    Agreement.

9        319.   Specific performance prior to August 31, 2016, by Defendants

10   "all shareholders of Defendant VT" as the alter egos of Defendant VT of

11   their obligations under the Agreement.

12       320.   Expectation damages from Defendant RFSS for its obligations

13   under the Agreement.

14       321.   Expectation damages from Defendant Mr. Damon as the alter

15   ego of Defendant RFSS for his obligations under the Agreement.

16       322.   Expectation damages from Defendants "all directors and

17   officers of Defendant RFSS" for their obligations under the Agreement.

18       323.   Expectation damages from Defendants "all shareholders of

19                        Page 93 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Defendant RFSS" as the alter egos of Defendant RFSS for their obligations

2    under the Agreement.

3         324.   Expectation damages from Defendant VSX for its obligations

4    under the Agreement.

5         325.   Expectation damages from Defendant VT for its obligations

6    under the Agreement.

7         326.   Expectation damages from Defendant VT as the alter ego of

8    Defendant VSX for its obligations under the Agreement.

9         327.   Expectation damages from Defendant Mr. Karamooz as the

10   alter ego of Defendant VSX for his obligations under the Agreement.

11        328.   Expectation damages from Defendant Mr. Karamooz as the

12   alter ego of Defendant VT for his obligations under the Agreement.

13        329.   Expectation damages from Defendants "all directors and

14   officers of Defendant VSX" for their obligations under the Agreement.

15        330.   Expectation damages from Defendants "all shareholders of

16   Defendant VSX" as the alter egos of Defendant VSX for their obligations

17   under the Agreement.

18        331.   Expectation damages from Defendants "all directors and

19                          Page 94 of 200

20            COMPLAINT FOR BREACH OF CONTRACT, ETC.

officers of Defendant VT" for their obligations under the Agreement.

332.   Expectation damages from Defendants "all shareholders of Defendant VT" as the alter egos of Defendant VT for their obligations under the Agreement.

333.   Restitution damages from Defendant RFSS for its obligations under the Agreement.

334.   Restitution damages from Defendant Mr. Damon as the alter ego of Defendant RFSS for his obligations under the Agreement.

335.   Restitution damages from Defendants "all directors and officers of Defendant RFSS" for their obligations under the Agreement.

336.   Restitution damages from Defendants "all shareholders of Defendant RFSS" as the alter egos of Defendant RFSS for their obligations under the Agreement.

337.   Restitution damages from Defendant VSX for its obligations under the Agreement.

338.   Restitution damages from Defendant VT for its obligations under the Agreement.

339.   Restitution damages from Defendant VT as the alter ego of

Page 95 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Defendant VSX for its obligations under the Agreement.

2        340.   Restitution damages from Defendant Mr. Karamooz as the alter

3    ego of Defendant VSX for his obligations under the Agreement.

4        341.   Restitution damages from Defendant Mr. Karamooz as the alter

5    ego of Defendant VT for his obligations under the Agreement.

6        342.   Restitution damages from Defendants "all directors and officers

7    of Defendant VSX" for their obligations under the Agreement.

8        343.   Restitution damages from Defendants "all shareholders of

9    Defendant VSX" as the alter egos of Defendant VSX for their obligations

10   under the Agreement.

11       344.   Restitution damages from Defendants "all directors and officers

12   of Defendant VT" for their obligations under the Agreement.

13       345.   Restitution damages from Defendants "all shareholders of

14   Defendant VT" as the alter egos of Defendant VT for their obligations under

15   the Agreement.

16       346.   Consequential and incidental damages from Defendant RFSS

17   for its obligations under the Agreement due to Defendant RFSS's actual

18   knowledge or reasonable foreseeability of the German Navy as the intended

19                              Page 96 of 200

20                COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    third party beneficiary to the Agreement.

2        347.    Consequential and incidental damages from Defendant Mr.

3    Damon as the alter ego of Defendant RFSS for his obligations under the

4    Agreement due to Defendant Mr. Damon as the alter ego of Defendant

5    RFSS's actual knowledge or reasonable foreseeability of the German Navy

6    as the intended third party beneficiary to the Agreement.

7        348.    Consequential and incidental damages from Defendants "all

8    directors and officers of Defendant RFSS" for their obligations under the

9    Agreement due to their actual knowledge or reasonable foreseeability of the

10   German Navy as the intended third party beneficiary to the Agreement.

11       349.    Consequential and incidental damages from Defendants "all

12   shareholders of Defendant RFSS" as the alter egos of Defendant RFSS for

13   their obligations under the Agreement due to their actual knowledge or

14   reasonable foreseeability of the German Navy as the intended third party

15   beneficiary to the Agreement.

16       350.    Consequential and incidental damages from Defendant VSX for

17   its obligations under the Agreement due to Defendant VSX's actual

18   knowledge or reasonable foreseeability of the German Navy as the intended

19                              Page 97 of 200

20               COMPLAINT FOR BREACH OF CONTRACT, ETC.

third party beneficiary to the Agreement.

351.   Consequential and incidental damages from Defendant VT for its obligations under the Agreement due to Defendant VT's actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

352.   Consequential and incidental damages from Defendant VT as the alter ego of Defendant VSX for its obligations under the Agreement due to Defendant VT as the alter ego of Defendant VSX's actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

353.   Consequential and incidental damages from Defendant Mr. Karamooz as the alter ego of Defendant VSX for his obligations under the Agreement due to Defendant Mr. Karamooz as the alter ego of Defendant VSX's actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

354.   Consequential and incidental damages from Defendant Mr. Karamooz as the alter ego of Defendant VT for his obligations under the Agreement due to Defendant Mr. Karamooz as the alter ego of Defendant

COMPLAINT FOR BREACH OF CONTRACT, ETC.

VT's actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

355.   Consequential and incidental damages from Defendants "all directors and officers of Defendant VSX" for their obligations under the Agreement due to their actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

356.   Consequential and incidental damages from Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX for their obligations under the Agreement due to their actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

357.   Consequential and incidental damages from Defendants "all directors and officers of Defendant VT" for their obligations under the Agreement due to their actual knowledge or reasonable foreseeability of the German Navy as the intended third party beneficiary to the Agreement.

358.   Consequential and incidental damages from Defendants "all shareholders of Defendant VT" as the alter egos of Defendant VT for their obligations under the Agreement due to their actual knowledge or reasonable

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    foreseeability of the German Navy as the intended third party beneficiary to

2    the Agreement.

3         359.   Compensation damages from Defendant RFSS for its acts of

4    conversion, fraud, negligence, gross negligence, and tortious interference

5    with contract.

6         360.   Compensation damages from Defendant Mr. Damon as the alter

7    ego of Defendant RFSS for his acts of conversion, fraud, negligence, gross

8    negligence, and tortious interference with contract.

9         361.   Compensation damages from Defendants "all directors and

10    officers of Defendant RFSS" for their acts of conversion, fraud, negligence,

11    gross negligence, and tortious interference with contract.

12         362.   Compensation damages from Defendants "all shareholders of

13    Defendant RFSS" as the alter egos of Defendant RFSS for their acts of

14    conversion, fraud, negligence, gross negligence, and tortious interference

15    with contract.

16         363.   Compensation damages from Defendant VSX for its acts of

17    conversion, fraud, negligence, gross negligence, and tortious interference

18    with contract.

19                         Page 100 of 200

20               COMPLAINT FOR BREACH OF CONTRACT, ETC.

364.   Compensation damages from Defendant VT for its acts of conversion, fraud, negligence, gross negligence, and tortious interference with contract.

365.   Compensation damages from Defendant VT as the alter ego of Defendant VSX for its acts of conversion, fraud, negligence, gross negligence, and tortious interference with contract.

366.   Compensation damages from Defendant Mr. Karamooz as the alter ego of Defendant VSX for his acts of conversion, fraud, negligence, gross negligence, and tortious interference with contract.

367.   Compensation damages from Defendant Mr. Karamooz as the alter ego of Defendant VT for his acts of conversion, fraud, negligence, gross negligence, and tortious interference with contract.

368.   Compensation damages from Defendants "all directors and officers of Defendant VSX" for their acts of conversion, fraud, negligence, gross negligence, and tortious interference with contract.

369.   Compensation damages from Defendants "all shareholders of Defendant VSX" as the alter egos of Defendant VSX for their acts of conversion, fraud, negligence, gross negligence, and tortious interference

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    with contract.

2        370.   Compensation damages from Defendants "all directors and

3    officers of Defendant VT" for their acts of conversion, fraud, negligence,

4    gross negligence, and tortious interference with contract.

5        371.   Compensation damages from Defendants "all shareholders of

6    Defendant VT" as the alter egos of Defendant VT for their acts of

7    conversion, fraud, negligence, gross negligence, and tortious interference

8    with contract.

9        372.   Punitive damages from Defendant RFSS for its acts of

10   conversion, fraud, gross negligence, and tortious interference with contract.

11       373.   Punitive damages from Defendant Mr. Damon as the alter ego

12   of Defendant RFSS for his acts of conversion, fraud, gross negligence, and

13   tortious interference with contract.

14       374.   Punitive damages from Defendants "all directors and officers of

15   Defendant RFSS" for their acts of conversion, fraud, gross negligence, and

16   tortious interference with contract.

17       375.   Punitive damages from Defendants "all shareholders of

18   Defendant RFSS" as the alter egos of Defendant RFSS for their acts of

19                        Page 102 of 200

20           COMPLAINT FOR BREACH OF CONTRACT, ETC.

conversion, fraud, gross negligence, and tortious interference with contract.

376. Punitive damages from Defendant VSX for its acts of conversion, fraud, gross negligence, and tortious interference with contract.

377. Punitive damages from Defendant VT for its acts of conversion, fraud, gross negligence, and tortious interference with contract.

378. Punitive damages from Defendant VT as the alter ego of Defendant VSX for its acts of conversion, fraud, gross negligence, and tortious interference with contract.

379. Punitive damages from Defendant Mr. Karamooz as the alter ego of Defendant VSX for his acts of conversion, fraud, gross negligence, and tortious interference with contract.

380. Punitive damages from Defendant Mr. Karamooz as the alter ego of Defendant VT for his acts of conversion, fraud, gross negligence, and tortious interference with contract.

381. Punitive damages from Defendants "all directors and officers of Defendant VSX" for their acts of conversion, fraud, gross negligence, and tortious interference with contract.

382. Punitive damages from Defendants "all shareholders of

Page 103 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.

Defendant VSX" as the alter egos of Defendant VSX for their acts of conversion, fraud, gross negligence, and tortious interference with contract.

383.   Punitive damages from Defendants "all directors and officers of Defendant VT" for their acts of conversion, fraud, gross negligence, and tortious interference with contract.

384.   Punitive damages from Defendants "all shareholders of Defendant VT" as the alter egos of Defendant VT for their acts of conversion, fraud, gross negligence, and tortious interference with contract.

385.   For costs of suit incurred by Plaintiff.

386.   For attorneys' fees as provided for by the Agreement.

387.   Such other or further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

388.   Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Date: August 17, 2016

By: __/s/_____

Berwin Cohen (SBN 224549)
Attorney of Record for Plaintiff
Elettronica GmbH

Page 104 of 200

COMPLAINT FOR BREACH OF CONTRACT, ETC.